IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| COREY ROBINSON, | § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO. 4:22-cv-00016 |
| PENNYMAC LOAN SERVICES, LLC, | | |
| Defendant. | | |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331 and 1332(a), Defendant PennyMac Loan Services, LLC ("PennyMac" or "Defendant") removes this action from the 393rd Judicial District Court of Denton County, Texas to the United States District Court for the Eastern District of Texas, Sherman Division, and respectfully shows the Court as follows:

**I.   STATE COURT ACTION**

1.   On January 2, 2022, Plaintiff, Corey Robinson ("Plaintiff") filed his *Original Petition, Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Request for Disclosures* (the "Complaint") in the 393rd Judicial District Court of Denton County, Texas.  The case is styled as *Corey Robinson v. PennyMac Loan Services, LLC*, and numbered Cause No. 22-0009-393 (the "State Court Action").

2.   In the State Court Action, Plaintiff seeks to prevent the foreclosure of his property located at 9375 Jack Gray Road, Pilot Point, TX (the "Property") due to allegedly wrongful conduct on the part of Defendant.  Specifically, Plaintiff complains of PennyMac's communications with him concerning loss mitigation and its provision of notices before the sale. He asserts causes of action for negligence, breaches of the loan contract, a violation of the Texas

Property Code, and a violation of the Real Estate Settlement and Procedures Act ("RESPA"). Plaintiff seeks alleged damages in an amount between $250,000 and $1,000,000, as well injunctive relief preventing foreclosure, and his attorneys' fees incurred in this case.

3. With this Notice of Removal, Defendant timely removes the pending State Court Action to this Court on the basis of diversity and federal question jurisdiction as more fully described below.

## II.   PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court because the State Court Action is pending within this district and division.  28 U.S.C. § 1441(a).

5. Plaintiff has not yet served Defendant with citation and a copy of the Complaint. Thus, removal is timely under 28 U.S.C. § 1446(b).

6. Pursuant to Local Rule 81 of this Court and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

   a. An index of all matters being filed (**Exhibit A**);

   b. A certified copy of the state court docket sheet (**Exhibit B**);

   c. A copy of all pleadings that assert causes of action, all answers to such pleadings, all process and orders, if any, in the State Court Action (**Exhibit C**);

   d. A list of all parties (**Exhibit D**);

   f. A list of all attorneys (**Exhibit E**);

   g. A copy of the Denton County Appraisal District detail for the Property at issue in this lawsuit (**Exhibit F**); and

   h. A separately signed and filed disclosure statement (**Exhibit G**).

7. Defendant states that Plaintiff has not requested a jury trial.

8. This matter is being removed from the 393rd Judicial District Court of Denton County, Texas, located at 1450 E McKinney Street, 4th Floor, Denton, TX 76209.

9. Simultaneously with the filing of this Notice, Defendant is also filing notice in the 393rd Judicial District Court of Denton County, Texas, and providing Plaintiff with copies pursuant to 28 U.S.C. § 1446(d).

### III.   THIS COURT HAS DIVERSITY JURISDICTION

10. Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, an action may be removed to federal court.  28 U.S.C. §§ 1332(a) and 1441(a).  Complete diversity exists in this case because PennyMac is not a citizen of Texas or of the same state as Plaintiff.  As set forth below, the amount in controversy requirement is also satisfied.

**Diversity of Citizenship**

11. For purposes of diversity jurisdiction, "[a] natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely."  *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)).  Plaintiff is a natural person and has claimed Denton County, Texas as his residence and domicile.  (*See* Complaint at ¶ 2.)  Accordingly, Plaintiff is a citizen of Texas for diversity purposes.

12. PennyMac is limited liability company, whose citizenship, for diversity purposes, is determined by the citizenship of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  An LLC is a citizen of every state in which its members are citizens. *Id.*  PennyMac is 100% owned by Private National Mortgage Acceptance Company, LLC ("PNMAC").  PNMAC is a Delaware limited liability company.  PNMAC is approximately 32.5% owned by PNMAC Holdings, Inc. ("Holdings"), a Delaware corporation with a principal place of business located in Westlake Village, California, and approximately 67.5% owned by

PennyMac Financial Services, Inc. ("PFSI"), a publicly held Delaware corporation with a principal place of business located in Westlake Village, California. As corporations, Holdings and PFSI are each citizens of the states where they are incorporated and where they have their principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005). Holdings and PFSI are, accordingly, each citizens of California and Delaware. Therefore, for purposes of diversity jurisdiction, PennyMac is a citizen of Delaware and California. *See Harvey*, 542 F.3d at 1080.

13. Because Defendant is not a citizen of Texas, there is complete diversity in this case.

**Amount in Controversy**

14. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003). A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

15. From a review of the Complaint, it is apparent that the amount at issue more likely than not exceeds $75,000 exclusive of interest and costs. Plaintiff specifically indicates he "seeks monetary relief more than $250,000.00 but not more than $1,000,000.00" (Complaint at ¶ 34) and his attorneys' fees (*id.* at ¶ 31 and Prayer).

16. Moreover, he seeks injunctive relief to prevent a foreclosure sale of the Property at issue. (*See id.* at ¶¶ 7, 22, 35-47 and Prayer.) "The amount in controversy is determined from

the perspective of the plaintiff, and the proper measure is the benefit to the plaintiff, not the cost to the defendant." *Berry*, 2009 WL 2868224, at *2. When the right to property is at issue, courts look to the value of the property to determine whether the minimum amount in controversy has been met for jurisdictional purposes. *Farkas v. GMAC Mortgage, LLC*, 737 F.3d 338, 341(5th Cir. 2013) ("In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy."); *see also Nationstar Mortgage LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) (citing *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)).

17. The current fair market value of the Property at issue is an appropriate measure of the value of the injunctive relief sought by Plaintiff. According to the Denton County Appraisal District, this value is $297,511. (*See* Denton County Appraisal District Detail, a true and correct copy of which is attached hereto as Exhibit F.[1])

18. Moreover, to determine the amount in controversy, the Court may consider attorneys' fees. *White*, 319 F.3d at 675; *Greenberg*, 134 F.3d at 1253, n. 7 (citing *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700 (S.D. Miss. 1988)). Here, Plaintiff claims he is entitled to attorneys' fees for prosecuting his claims. (*See* Complaint at ¶ 31 and Prayer.) The potential for attorneys' fees, coupled with the value of the property and the stated relief requested, indicate the $75,000 amount in controversy requirement will more than likely be met. *See, e.g., White*, 319 F.3d at 675 (upholding district court's conclusion that compensatory damages, punitive damages, and attorney's fees would "more probabl[y] than not" exceed $75,000); *Greenberg*, 134 F.3d at 1253 n.13; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).

---

[1] Defendant respectfully requests that the Court take judicial notice of the Denton County Appraisal District Detail for the property, pursuant to Federal Rule of Evidence 201.

19. Based on the foregoing, it is apparent from the face of Plaintiff's Complaint and the current tax records for the Property at issue in this case that the value of the relief sought more likely than not exceeds the $75,000 jurisdictional minimum.

20. Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and removal is proper.

## IV.   THIS COURT HAS FEDERAL QUESTION JURISDICTION

### This Court has Original Jurisdiction Over this Civil Action

21. A defendant may remove a case to federal court if the plaintiff could have originally filed the lawsuit in federal court. 28 U.S.C. § 1441. District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331. A claim "arises under" the laws of the United States when: (1) the well-pleaded complaint establishes that federal law creates the cause of action; or (2) "'a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

22. In this case, removal of the State Court Action is proper because Plaintiff asserts a claim arising under the laws of the United States. Specifically, Plaintiff asserts a RESPA claim. (Complaint at ¶ 8.) RESPA expressly grants this Court original jurisdiction to hear such a claim. *See* 12 U.S.C. § 2614 (any RESPA action "may be brought in any United States district court . . ."). Plaintiff has alleged a violation of federal law and his right to relief will necessarily depend upon the resolution of federal law. Accordingly, this Court has federal question jurisdiction. *See id.*; *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988 (5th Cir. 1988) ("The assertion of a

claim under a federal statute alone is sufficient to empower the District Court to assume jurisdiction over the case and determine whether, in fact, the Act does provide the claimed rights"); 28 U.S.C. §§ 1441(a) and 1331.

**This Court has Supplemental Jurisdiction Over Plaintiff's Additional Claims**

23. Once the court "has proper removal jurisdiction over a federal claim, it may exercise supplemental jurisdiction over state law claims" pursuant to 28 U.S.C. § 1367(a). *Giles v. NYLCare Health Plans, Inc.,* 172 F.3d 332, 337 (5th Cir. 1999). "Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants the federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'"). It is well established that federal district courts have supplemental jurisdiction over state law claims that share a "'common nucleus of operative fact'" with federal claims. *Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (*quoting City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1977)). This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court. *Id.* at 806.

24. This Court has supplemental jurisdiction to hear Plaintiff's state and common law claims for negligence, a violation of the Texas Property Code, breach of contract, and his request for injunctive relief. These additional claims are premised on the same alleged wrongdoing in connection with Defendant's servicing of the loan and the foreclosure process. Therefore, each of the claims in this case shares a common nucleus of operative facts with, and form part of the

same case or controversy as the federal RESPA claim.  Removal of the State Court Action in its entirety is proper.  *See Jamal*, 97 F. Supp. 2d at 806.

## V.  CONCLUSION

WHEREFORE, Defendant removes this action from the 393rd Judicial District Court of Denton County, Texas to the United States District Court for the Eastern District of Texas, Sherman Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

*/s/ Elizabeth K. Duffy*
**Thomas G. Yoxall**
Texas Bar No. 00785304
tyoxall@lockelord.com
**Matthew K. Hansen**
Texas Bar No. 24065368
mkhansen@lockelord.com
**Elizabeth K. Duffy**
Texas Bar No. 24050535
eduffy@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

**ATTORNEYS FOR DEFENDANT PENNYMAC LOAN SERVICES, LLC**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on this 10th day of January 2022 via the Court's efiling, on:

**Robert C. Newark, III**
A NEWARK FIRM
1341 W. Mockingbird Lane, Ste 600W
Dallas, Texas 75247
(866) 230-7236
*Attorney for Plaintiff*

*/s/ Elizabeth K. Duffy*
*Attorney for Defendant*