FILED: 1/3/2022 5:04 PM
David Trantham
Denton County District Clerk
By: Desiree Gonzales, Deputy

**Cause No: 22-0009-393**

| | | |
|---|---|---|
| **COREY ROBINSON,** | ) | **IN THE DISTRICT COURT** |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **_______ JUDICIAL DISTRICT** |
| | ) | |
| **PENNYMAC LOAN SERVICES, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | **OF DENTON COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, PERMANENT INJUNCTION, AND REQUEST FOR DISCLOSURES**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, COREY ROBINSON, hereinafter called Plaintiff, by and through his attorney, Robert C. Newark, III, and files this Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction and in support thereof would show unto the Court the following:

## DISCOVERY CONTROL PLAN

1. The Plaintiff herein intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure.

## PARTIES

2. Plaintiff, COREY ROBINSON, is an individual that resides in Denton County, Texas.

3. Defendant, PENNYMAC LOAN SERVICES, LLC, (hereinafter referred to as "Lender") is a foreign corporation operating as lenders in Denton County, State of Texas. Lender may be served with process through its registered agent at any address where its registered agent may be found.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the controversy because the claims asserted in this Petition, arose, in whole or in part, in Denton County, Texas and the amount in controversy exceeds the minimal jurisdictional limits of the court.

5. This Court has personal jurisdiction over the Defendant because the acts and omissions complained of herein occurred in Texas, the Defendant does and/or did do business in the State of Texas, has committed a tort, in whole or in part in Texas, is a resident and citizen of Texas, has minimal contacts with the State of Texas during the period of time complained of herein.

6. Venue is properly laid in Denton County, Texas, because all or a substantial part of Plaintiff's cause of action arose in Denton County, Texas.

## NATURE OF SUIT

7. This is a suit to enjoin and refrain a foreclosure sale proceeding scheduled by Defendant, for Tuesday, January 4, 2022, between 10:00 am and 4:00 pm at the location designated by the county clerk. See Exhibit A – Notice of Sale which is supposedly sent to Plaintiff.

8. In addition to the aforementioned request for the extraordinary relief to abate the foreclosure proceeding, Plaintiff brings this lawsuit against Defendant alleging negligence, violation of RESPA, 12 USC Sec. 1024, et seq., violation of the Texas Prop. Code Ann. Sec. 51.002 et seq., actual damages and attorney fees.

**EXISTENCE OF CONTRACT AND PERFORMANCE**

9. On or about March 30, 2018, Plaintiff entered into a written contract with Defendant, for the purchase of a house and lot located 9375 Jack Gray Rd, Pilot Point, TX 76258. See Exhibit B – Deed of Trust

10. The original principal of the contract was $391,483.00.

**NEGLIGENCE**

11. Plaintiff alleges that the Defendant had a duty to Plaintiff to provide notice of any transfer, assignment, or sale of the note, to properly manage the loan and the escrow amount, to comply with the notice provisions contained in the deed of trust before accelerating the note and foreclosing on the property, and, when applying for a mortgage modification, to protect their rights and not mislead them. As shown above, Defendant breached the duties it owed to Plaintiff and as a result of this breach Plaintiff was damaged.

12. The duty of the Defendant can be found in the regulation of the Department of Housing and Urban Development ("HUD") which is incorporated with the Deed of Trust.

13. A Lender can be found liable to its customers for negligent misrepresentation in the servicing of the Loan. *See Federal Land Bank Assn'*, 825 S.W.2d 439, 442 (Tex. 1992). Even a Defendant's accidental false representation can be actionable. *See Milestone Props. Inc. v. Federated Metals Corp.*, 867 S.W.2d 113, 119 (Tex. App – Austin 1993). *SusserPetCo. V. Latina Oil Corp.*, 574 S.W.2d 830, 832 (Tex. App. – Texarkana 1978, no writ.). Defendant failed to use reasonable care in communicating to Plaintiff the options of loss mitigation. Plaintiff relied on the representations to his detriment. The Defendant's representations involved a transaction to which Defendant had a pecuniary interest. However, the representations were false and Defendant is wrongfully attempting to foreclose on Plaintiff's property, causing

Plaintiff to sustain damages, including but not limited to damages for clouding the title/slander of title concerning said residence, harm to credit reputation, credit worthiness, and credit history, actual damages, and the value of time lost trying to remedy the problem against Defendant.

14. Defendant failed to perform its duties as mortgage servicer. Defendant avoided and evaded Plaintiff inquiries about an appeal an appeal of their modification application. Subsequently, without offering more than one loan workout alternative or replying to Plaintiff inquiries regarding an appeal to denial of a HAMP modification, the Defendant, forwarded a notice posting foreclosure sale of Plaintiff's property for January 4, 2022.

15. As a result of Defendant's negligence, Plaintiff is in danger of being dispossessed of his property. Defendant's mishandling of Plaintiff's loss mitigation constitutes a negligent misrepresentation.

16. As a result, Defendant has breached the written contractual agreements and covenants of the note and the requirements pursuant to the Bureau of Consumer Financial Bureau pursuant to applicable law.

17. As a result of Defendant's breach, Plaintiff has suffered harm as he has incurred additional charges to his loan balance and escrow account and is continuing to incur them to the present.

**VIOLATION OF TEXAS. PROP. CODE ANN. CH 51.**

18. Mortgage foreclosures in the State of Texas are governed by the express terms of the Deed of Trust and by Chapter 51 of the Property Code.

19. More specifically, it is well settled by statue that the mortgagee is required to (1) notify the mortgagor by certified mail that the Deed of Trust is in default and give him or his at

least twenty (20) days to cure and/or protest and (2) give mortgagor at least twenty-one (21) days notice of the sale by certified mail.  Tex. Prop. Code Ann. 51.0002(b)(3), (d).

20.    In the case at bar, Plaintiff's mortgage loan including Deed of Trust set out terms of default and acceleration in its covenants and as such when he received the notice of accelerations, he in fact did raise issues regarding his loan and payment history and pending loan workout alternatives as such until the disputes were resolved any notice to post his property for sale would be premature.

21.    To wit, if Defendant is allowed to proceed with the finalization of the foreclosure proceedings of Plaintiff's property, Plaintiff will suffer immediate and irreparable injury.

22.    Specifically, Plaintiff will be harmed in that he will lose all of the money previously invested in the property without having a fair opportunity to protect the investment of which Plaintiff has no adequate remedy at law.  Plaintiff has no alternative but to seek injunctive relief.

## BREACH OF CONTRACT

23.    The elements of a breach of contract action are:  (1) the existence of a valid contract; (2) performed or tendered performance by the Plaintiff; and (3) breach by the Defendant.

24.    Plaintiff alleges that Defendant failed to comply with HUD regulations outlining procedures that must be followed prior to accelerating and foreclosing a loan subject to the FHA.

25.    The paragraphs which Lender and/or Servicer breached are paragraphs 10, 15, 16, and 18 of the Deed of Trust.

26.    Specifically the Note and Deed of Trust expressly provided that (1) Defendants must allow the right to reinstate and provide information to do such action, (2) Defendants must

provide notice of the Loan Servicer each time the Loan Servicer changed, and (3) Defendants must provide notice of default, action to cure default, a date no less than 30 days by which to cure the default, and what happens when the default is not cured. The Defendants have failed to performed these actions and others under the Deed of Trust and Note.

27. The Defendant failed to follow the foregoing steps and thus breached the contract with Plaintiff.

28. As a result, Defendant has breached the written contractual agreements and covenants of the note by wrongful applying these charges over and above Plaintiff's principal loan balance.

29. As a result of Defendant's breach, Plaintiff has suffered harm as he has incurred additional charges to his loan balance and escrow account and are continuing to incur them to the present.

**ALL PARAGRAPHS INCORPORATED**

30. Each of the proceedings and succeeding paragraphs are incorporated as part of the following cause of action.

**ATTORNEY'S FEES**

31. Plaintiff is entitled to recover reasonable and necessary attorney fees pursuant to Tex. Civ. Prac. & Rem. Code Sec. 37.009 and pursuant to Tex. Civ. Prac. & Rem. Code Chapter 38 in this action for the breach of contract as authorized in Sec. 38.001(8).

**DISCOVERY – DISCLOSURES - TRCP 194.2**

32. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendants disclose the information and material described in Rule 194.2 within 50 days of service.

**NOTICE – TRCP 193.7**

33.     Plaintiffs hereby put Defendants on notice that Plaintiffs intend to use Defendant's discovery responses as evidence at trial in accordance with such rights and privileges established by Texas Rules of Civil Procedure 193.7.

**RULE 47 DECLARATIONS**

34.     By reason of all the above and foregoing it has become necessary to bring this suit for which it is now brought in a just and reasonable sum greatly in excess of the jurisdictional limits of this Honorable Court, together with all interest, pre and post judgment to which Plaintiff is entitled by law.     As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief more than $250,000.00 but not more than $1,000,000.00.  Plaintiff also seeks injunctive relief.

**APPLICATION FOR TEMPORARY RESTRAINING ORDER**

35.     Defendant, PENNYMAC LOAN SERVICES, LLC, should not be allowed to finalize foreclosure proceedings including transfer or any other disposition of the property, or taking possession or exercise any control over the property located 9375 Jack Gray Rd, Pilot Point, TX 76258.

36.     Defendant, PENNYMAC LOAN SERVICES, LLC, has failed to follow state law notice provisions of the Texas Property Code and is not entitled to proceed with the sale of the property through wrongful foreclosure.

37. Plaintiff will suffer irreparable injury if Defendant, PENNYMAC LOAN SERVICES, LLC, is not enjoined from effectuating the wrongful foreclosure sale of 9375 Jack Gray Rd, Pilot Point, TX 76258.

38. There is a substantial likelihood that Plaintiff will succeed on the merits of its lawsuit.

39. The threatened harm to Plaintiff outweighs the harm of a preliminary injunction would inflict on the Defendant.

40. In addition, the property in question affords Plaintiff a substantial equity amount over and above the alleged debt owed to the Defendant.

41. Issuance of a preliminary injunction is in the public interest. The granting of a preliminary injunction would maintain the status quo and retains one of the most significant assets of the Plaintiff. To deny the preliminary injunction would be to unjustly enrich the Defendant and extinguish the Plaintiff substantial equity interest in its property.

42. Plaintiff is willing to post a bond in an amount the court deems appropriate.

43. Plaintiff asks the court to set his application for preliminary injunction for a hearing at the earliest possible time, and after hearing the application, issue a preliminary injunction against Defendant.

**MOTION FOR TEMPORARY RESTRAINING ORDER**

44. All allegations are incorporated herein.

45. The Plaintiff is entitled to a Temporary Restraining Order to restrain further transfer, or any other disposition of the property or taking possession or exercising any contract over the property as follows:

a.    Plaintiff will incur significant irreparable injury and loss.  The threaten damage which would be incurred would be significant and substantial as specified above and incorporated herein by reference.

b.    There is substantial likelihood of success on the merits as specified within.

c.    The threaten harm outweighs the harm a temporary restraining order would inflict on the Defendant specified within and incorporated herein by reference.

d.    The Temporary Restraining Order would serve the public interest as specified above, incorporated by reference.

e.    Plaintiff is willing to post a bond in the amount the court deems appropriate.

46.    For these reasons, Plaintiff asks the Court to issue a temporary restraining order preventing and refraining Defendant, its attorneys, agents, successors and/or assigns from consummating, continuing or effectuating any transaction, transferring the real property located at 9375 Jack Gray Rd, Pilot Point, TX  76258, perfecting its lien or security interest in the property, exercising any dominion or control over the real property, or attempting to take possession of the property, and to set the request for preliminary injunction for hearing at the earliest possible time.

47.    An Affidavit that proves the allegations in the Application for Injunction Relief is attached and incorporated by reference.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that:

a.    Invalidate the foreclosure sale that is scheduled for January 4, 2022.

b. Issue an immediate temporary restraining order preventing and refraining Defendant, its attorneys, agents, successors and/or assigns from consummating, continuing or effectuating any transaction, transferring the real property located at 9375 Jack Gray Rd, Pilot Point, TX 76258, perfecting its lien or security interest in the property, exercising any dominion or control over the real property, or attempting to take possession of the property,

c. Following hearing and notice to Defendant, issue a temporary injunction to prevent Defendant and its agents and employees from proceeding with the foreclosure sale of Plaintiff's property during the pendency of this cause of action in order to maintain the status quo herein;

d. Order the Defendant to be cited to appear and answer within and that upon final hearing, this Court grant declaratory judgment that no foreclosure sale of Plaintiff's house be validated during the pendency of this cause and enter a permanent injunction to prevent Defendant, its employees or agents from foreclosure validation on the property; and evicting Plaintiff from his property;

e. The Plaintiff be granted his damages, costs, and reasonable attorney fees, and any other relief at law or in equity to which they may be entitled.

RESPECTFULLY SUBMITTED,
A Newark Firm
1341 W. Mockingbird Lane, Ste 600W
Dallas, Texas 75247
Telephone: (866)230-7236
Facsimile: (888)316-3398
Email: office@newarkfirm.com

By: /s/Robert C. Newark, III
Robert C. Newark, III
Texas Bar No. 24040097
Oklahoma Bar No. 21992
ATTORNEY FOR PLAINTIFF

Unsworn Declaration Made Under Penalty of Perjury

I make this unsworn declaration under penalty of perjury in place of verification as allowed by Texas Civil Practices and Remedies Code Section 132.001.

1. I, Corey Robinson, is the Plaintiff in this matter.

2. My date of birth is 11/08/1974

3. My address is 9375 Jack Gray Rd Pilot Point, Texas 76258

4. I declare under penalty of perjury that: I have personal knowledge of all the facts set forth in the PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, PERMANENT INJUNCTION, AND REQUEST FOR DISCLOSURES and hereby state that every factual statement set forth therein is true and correct.

Signed under penalty of perjury in Denton County, Texas.

DocuSigned by:

COREY ROBINSON

F42A6F3204C84F6...

Declarant

EXHIBIT A

01/001

Our File No. 18-14804

# APPOINTMENT OF SUBSTITUTE TRUSTEE and NOTICE OF TRUSTEE SALE

FILED FOR RECORD
21 OCT 19 PM 3:13
COUNTY CLERK DENTON CO. TEX
BY ____ DEPUTY

THE STATE OF TEXAS
COUNTY OF DENTON

**Deed of Trust Date:**
March 30, 2018

**Property address:**
9375 JACK GRAY RD
PILOT POINT, TX 76258

**Grantor(s)/Mortgagor(s):**
COREY ROBINSON AND NINA ROBINSON, HUSBAND AND WIFE

**LEGAL DESCRIPTION:** Tract I:
Being all that certain lol, tract or parcel of land situated in the A S. Beard Survey, Abstract Number 127 in Denton County, Texas, being all that certain tract of land conveyed by deed from John C. Miller and wife, Mary R. Miller to Reginald Morgan, Jr. and wife, Maureen J, Morgan recorded in Volume 1760, Page 226, Deed Records, Denton County, Texas, and being more particularly described as follows
Beginning at an iron rod set for corner in Alexander Road, a public roadway, said point being the northeast comer of that certain tract of land conveyed by deed from Frank Bartel to Bartel Family Partners, Ltd. recorded under Clerk's file Number 95.R0010958, Official Public Records, Denton County, Texas;
Thence S 89° 55' 49" W, pass at 19.84 feet an iron pipe found for west line of said Alexander Road, a total distance of 506.94 feet with the north line of said Bartel tract to an iron rod set for corner, said point being the southeast comer of that certain tract of land conveyed by deed from John C. Miller and wife, Mary R. Miller to Reginald Morgan, Jr. and wife, Maureen J. Morgan recorded in Volume 2211, Page 251, Official Public Records, Denton County, Texas;
Thence N 00° 32' 54" E, 347.49 feet with the cast line of said Morgan tract recorded in Volume 2211, Page 251 to an iron rod set for corner in the south line of Jack Gray Road, a public roadway;
Thence N 89° 55' 21' E, pass at 478.97 feet an iron rod found for said west line of said Alexander Road, a total distance of 503.73 feet with said south line of said Jack Gray Road to an iron rod set for comer in said Alexander Road;
Thence S 00" 01' 09" W, 347.53 feet with said Alexander Road to the Place of Beginning and containing 4.031 acres of land.
Tract II:
Being all that certain lot, tract or parcel of land situated in the A. S. Beard Survey Abstract Number 127 in Denton County, Texas, being all that certain tract of land conveyed by deed from John C. Miller and wife, Mary R. Miler to Reginald Morgan, Jr. and wife, Maureen J. Morgan recorded in Volume 1760, Page 226, Deed Records, Denton County, Texas, and being more particularly described as follows:
Beginning at an iron rod found for corner in the east line of that certain tract of land conveyed by deed from Michael C. Ramos, Loveland Properties, Inc, to Winfred Baron recorded in Volume 2076, Page 410, Official Public Records, Denton County, Texas, said point being the northwest corner of that certain tract of land conveyed by deed from Prank Bartel to Bartel Family Partners, Ltd. recorded under Clerk's File Number 95.R0010958, Official Public Records, Denton County, Texas;
Thence N 00° 04' 12" W, 347.45 feet with said east line of said Baron tract to an iron rod found for corner in the south line of Jack Gray Road, a public roadway;
Thence N 89° 55' 21" E, 123.7S feet with said south line of said Jack Gray Road to an iron rod set for comer, said point being the northwest comer of that certain tract of land conveyed by deed from John C. Miller and wife, Mary R. Miller to Reginald Morgan, Jr. and wife, Maureen J. Morgan recorded in Volume 1760, Page 266, Deed Records, Denton County, Texas;
Thence S 00° 321 54" W, 347.49 feet with the west line of said Morgan tract recorded in Volume 1760, Page 226 to an iron rod set for corner in the north line of said Bartel tract;
Thence S 89" 55' 49" W, 120.03 fret with said north line of said Bartel tract to the Place of Beginning and containing 0.972 acres of land.

**Original Mortgagee:**
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR EVERETT FINANCIAL, INC., D/B/A SUPREME LENDING

**Earliest Time Sale Will Begin:** 10:00 AM

**Current Mortgagee:**
PENNYMAC LOAN SERVICES, LLC

**Date of Sale:** JANUARY 4, 2022

**Property County:** DENTON

**Original Trustee:** SCOTT EVERETT

**Recorded on:** April 3, 2018
**As Clerk's File No.:** 36792
**Mortgage Servicer:**
PENNYMAC LOAN SERVICES, LLC

**Substitute Trustee:**
Logan Thomas, Bob Dickerson, Phillip Pierceall, Aaron Parker, Douglas Rodgers, Terry Waters, Bruce Miller, Craig Muirhead, Clay Golden, Wendy Lambert, David Ray, Shawn Schiller, Cary Corenblum, Joshua Sanders, Matthew Hansen, Auction.com, Donna Stockman, Brenda Wiggs, David Stockman, Michelle Schwartz, Guy Wiggs, Kathy Arrington, Janet Pinder, Marinosci Law Group PC

**Substitute Trustee Address:**
c/o Marinosci Law Group, PC
14643 Dallas Parkway, suite 750
Dallas, TX 75254
(972) 331-2300

**THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE. THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.**

The Current Mortgagee under said Deed of Trust, according to the provisions therein set out does hereby remove the original trustee and all successor substitute trustees and appoints in their stead Logan Thomas, Bob Dickerson, Phillip Pierceall, Aaron Parker, Douglas Rodgers, Terry Waters, Bruce Miller, Craig Muirhead, Clay Golden, Wendy Lambert, David Ray, Shawn Schiller, Cary Corenblum, Joshua Sanders, Matthew Hansen, Auction.com, Donna Stockman, Brenda Wiggs, David Stockman, Michelle Schwartz, Guy Wiggs, Kathy Arrington, Janet Pinder, Marinosci Law Group PC, as Substitute Trustee, who shall hereafter exercise all powers and duties set aside to the said original trustee under the said Deed of Trust, and, further, does hereby request, authorize and instruct said Substitute Trustee to conduct and direct the execution of remedies set aside to the Mortgagee therein.

WHEREAS, default has occurred in the payment of said indebtedness, and the same is now wholly due and the owner and holder has requested to sell said property to satisfy said indebtedness

NOW, THEREFORE, NOTICE IS HEREBY GIVEN that on Tuesday, **JANUARY 4, 2022** between ten o'clock AM and four o'clock PM and beginning not earlier than **10:00 AM** or not later than three hours thereafter. The Substitute Trustee will sell the property by public auction to the highest bidder for cash at the place and date specified. The sale will be conducted at the Denton County Courts Building, 1450 East McKinney Street, Denton, TX 76209 as designated by the Commissioners' Court, of said county pursuant to Section 51.002 of the Texas Property Code as amended; if no area is designated by the Commissioners' Court, the sale will be conducted in the area immediately adjacent (next) to the location where this notice was posted.

PENNYMAC LOAN SERVICES, LLC, who is the Mortgagee of the Note and Deed of Trust associated with the above referenced loan. The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and Texas Property code 51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the property securing the debt.

**ACTIVE MILITARY SERVICE NOTICE**

**Assert and protect your rights as a member of the armed forces of the Unites States. If you or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

WITNESS MY HAND, [signature]

MARINOSCI LAW GROUP, PC

By: [signature]
SAMMY HOODA
MANAGING ATTORNEY

THE STATE OF TEXAS
COUNTY OF DALLAS

Before me, Matthew King, the undersigned officer, on this, the 18th day of October 2021, personally appeared SAMMY HOODA, □ known to me, who identified herself/himself to be the MANAGING ATTORNEY of MARINOSCI LAW GROUP PC, the person and officer whose name is subscribed to the foregoing instrument, and being authorized to do so, acknowledged that (s)he had executed the foregoing instrument as the act of such corporation for the purpose and consideration described and in the capacity stated.

Witness my hand and official seal

(SEAL)

MATTHEW KENNETH KING
Notary Public, State of Texas
Comm. Expires 07-16-2024
Notary ID 129055957

Notary Public for the State of TEXAS

My Commission Expires: 07/16/2024

Matthew King
Printed Name and Notary Public

Grantor: PENNYMAC LOAN SERVICES, LLC
3043 TOWNSGATE ROAD, #200
WESTLAKE VILLAGE, CA 91361
Our File No. 18-14804

Return to: MARINOSCI LAW GROUP, P.C.
MARINOSCI & BAXTER
14643 DALLAS PARKWAY, SUITE 750
DALLAS, TX 75254

EXHIBIT B

**Denton County**
**Juli Luke**
**County Clerk**

---

**Instrument Number: 36792**

ERecordings-RP

DEED OF TRUST

Recorded On: April 03, 2018 09:2[illegible] AM

Number of Pages: 16

---

**" Examined and Charged as Follows: "**

Total Recording: $86.00

---

************** THIS PAGE IS PART OF THE INSTRUMENT **************

Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY because of color or race is invalid and unenforceable under federal law.

**File Information:**

Document Number: 36792

Receipt Number: 20180403000162

Recorded Date/Time: April 03, 2018 09:2[illegible] AM

User: Deb B

Station: D3DBW182

**Record and Return To:**

eRx

---

STATE OF TEXAS
COUNTY OF DENTON

I hereby certify that this Instrument was FILED in the File Number sequence on the date/time printed hereon, and was duly RECORDED in the Official Records of Denton County, Texas.

Juli Luke
County Clerk
Denton County, TX

OS TNe SG B # [illegible]

After Recording To:
EVEREST FINANCIAL, INC. DBA SUPREME LENDING
14801 QUORUM DRIVE, SUITE 300
DALLAS, TX 75254

This instrument was prepared by:
BLACK, MANN & GRAHAM L.L.P.
2905 CORPORATE CIRCLE
FLOWER MOUND, TX 75028

Loan Number: 996170980125

[Space Above This Line For Recording Data]

# DEED OF TRUST

FHA Case Number:
28 0563918-703

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

MIN: 1003071100097
MERS Telephone: (888) 679-MERS

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections [illegible]. Certain rules regarding the usage of words used in this document are also provided in Section 15.

(A) "Security Instrument" means this document, which is dated [illegible] 02, 20[illegible], together with all Riders to this document.

(B) "Borrower" is [illegible]. Borrower is the trustor under this Security Instrument. 

(C) "Lender" is EVERETT FINANCIAL, INC. D/B/A SUPREME LENDING, A TEXAS CORPORATION. Lender is a CORPORATION organized and existing under the laws of TEXAS. Lender's address is [illegible] QUORUM DRIVE, SUITE [illegible], DALLAS, TEXAS [illegible]. Lender includes any holder of the Note who is entitled to receive payments under the Note.

(D) "Trustee" is SCOTT EVERETT. Trustee's address is [illegible] QUORUM DRIVE, SUITE [illegible], DALLAS, TEXAS [illegible], DALLAS County.

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has a mailing address of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(F) "Note" means the promissory note signed by Borrower and dated [illegible]. The Note states that Borrower owes Lender THREE HUNDRED [illegible] THOUSAND FOUR HUNDRED [illegible] AND [illegible] Dollars (U.S. $[illegible]) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than April 1, 20[illegible].

(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider ☐ Condominium Rider ☐ Planned Unit Development Rider
☐ Other(s) [specify]

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M) "Escrow Items" means those items that are described in Section 3.

(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

( Q") R E S In t- 'at Thilse Bsl t Saetinet P t o ce eAd (urlU2 S§2 610 s e q .n )di nipt l s c m e gti Img u lXa t i o n ( IC2F . RE lar (2 4 ) hmiy gb lmtm d efide tm i me d ro artdndyhea,rl s u l gpciadt sbsr ge r u t l i aohga o t v e hms s a m aebcpta t A se ir is the hSi eas cr l shtyr u me i r t e, fe id" RsaEIS IP Are qr uc is ttu ert rdean edt tmsp d asme dgt aor d " fed ae l b ymaotrg d gp ec rv le fe L b ad n n eqts ia fy s " af e d e a h rb df ry t lg of'ag me dReErSA P

( R") Sc er c"tmae ra tyn lSe r e a fachJen i S te aDecaps t mdHo b sa gnUlr bDawel o p m d de s i g n e e .

( S")' S u cicliensts corBeo se twomd'e a anupyat y hlaut a k ei tt d hPer o ypychr el torln cotrth pa nyb as s s u r n e d B or ro Wesb l i ga tt inNeontse ne l bSiesn rlhi ts yn rt u me

T R MS F E RRICOHT S I PNRREHRTY

T hbere e fa rogfiiSiesu th h s yn t le fmR (Ss o al seloy m i n e e a fnlder n ds ea ne 'dc se nadsg snis ) l s ruucdc e s s o r s a n ads s is MERS I S t eyU ar nuesmts t ea a e b e n d et )lrn eeypm e onft hLeo aa nnadlr le n e ewxa tl es n a sn id o n s m o d i fi o d d te i aNn dst (ehg d n) for onBa or rc rd'oswo ev re a tmedg r c on m et nhBi s scyuh n s u m n d N d the . F et rh i s p u r piorsced, tyoRasmucdo mwte Buy ss ti der ,w is pt dj woe f r s afollodw,i dodgsh epbreodp e rty l o c a t e i n hCeo u n D N T I ON :

S E E E G A L C RE S T A T A C H E R E T O A N D M A D E A P A R T H E R E O F A S E X H I B I T " A " .

P a r ID N u m b e r R : 2 2 5 6 3

w h i c c u h r r e h a s t s l a y d e d o f 9 7 5 J A C K A Y R D
I P L O P I N T E, X A S 5 2 5 8 ( " P r o p A d d r e s s " ) :

T O G E T H E R W I T H a l l t h e i m p r o v e m e n t s n o w o r h e r e a f t e r e r e c t e d o n t h e p r o p e r t y [illegible] ... for c g o r c f d d a b m S t c h u i r l s m t y a m d s n l t k F x p c B o y r e o y d e r a s n d g n t d l MERS h o l d s o n l y l e g a l t i t l e t o t h e i n t e r e s t s g r a n t e d b y B o r r o w e r i n t h i s S e c u r i t y I n s t r u m e n t , b u t , i f n e c e s s a r y t o c o m p l y w i t h l a w o r c u s t o m , M E R S ( a s n o m i n e e f o r L e n d e r a n d L e n d e r ' s s u c c e s s o r s a n d a s s i g n s ) h a s t h e r i g h t : t o e x e r c i s e a n y o r a l l o f t h o s e i n t e r e s t s , i n c l u d i n g , b u t n o t l i m i t e d t o , t h e r i g h t t o f o r e c l o s e a n d s e l l t h e P r o p e r t y ; a n d t o t a k e a n y a c t i o n r e q u i r e d o f L e n d e r i n c l u d i n g , b u t n o t l i m i t e d t o , r e l e a s i n g a n d c a n c e l i n g t h i s S e c u r i t y I n s t r u m e n t .

B O R R O W E R C O V E N A N T S t h a t B o r r o w e r i s l a w f u l l y s e i s e d o f t h e e s t a t e h e r e b y c o n v e y e d a n d h a s t h e r i g h t t o g r a n t a n d c o n v e y t h e P r o p e r t y a n d t h a t t h e P r o p e r t y i s u n e n c u m b e r e d , e x c e p t f o r e n c u m b r a n c e s o f r e c o r d . B o r r o w e r w a r r a n t s a n d w i l l d e f e n d g e n e r a l l y t h e t i t l e t o t h e P r o p e r t y a g a i n s t a l l c l a i m s a n d d e m a n d s , s u b j e c t t o a n y e n c u m b r a n c e s o f r e c o r d .

T H I S S E C U R I T Y I N S T R U M E N T c o m b i n e s u n i f o r m c o v e n a n t s f o r n a t i o n a l u s e a n d n o n - u n i f o r m c o v e n a n t s w i t h l i m i t e d v a r i a t i o n s b y j u r i s d i c t i o n t o c o n s t i t u t e a u n i f o r m s e c u r i t y i n s t r u m e n t c o v e r i n g r e a l p r o p e r t y .

U N I F O R M C O V E N A N T S . B o r r o w e r a n d L e n d e r c o v e n a n t a n d a g r e e a s f o l l o w s :

1 . P a y m e n t o f P r i n c i p a l , I n t e r e s t , E s c r o w I t e m s , P r e p a y m e n t C h a r g e s , a n d L a t e C h a r g e s . B o r r o w e r s h a l l p a y w h e n d u e t h e p r i n c i p a l o f , a n d i n t e r e s t o n , t h e d e b t e v i d e n c e d b y t h e N o t e a n d a n y p r e p a y m e n t c h a r g e s a n d l a t e c h a r g e s d u e u n d e r t h e N o t e . B o r r o w e r s h a l l a l s o p a y f u n d s f o r E s c r o w I t e m s p u r s u a n t t o S e c t i o n 3 . P a y m e n t s d u e u n d e r t h e N o t e a n d t h i s S e c u r i t y I n s t r u m e n t s h a l l b e m a d e i n U . S . c u r r e n c y . H o w e v e r , i f a n y c h e c k o r o t h e r i n s t r u m e n t r e c e i v e d b y L e n d e r a s p a y m e n t u n d e r t h e N o t e o r t h i s S e c u r i t y I n s t r u m e n t i s r e t u r n e d t o L e n d e r u n p a i d , L e n d e r m a y r e q u i r e t h a t a n y o r a l l s u b s e q u e n t p a y m e n t s d u e u n d e r t h e N o t e a n d t h i s S e c u r i t y I n s t r u m e n t b e m a d e i n o n e o r m o r e o f t h e f o l l o w i n g f o r m s , a s s e l e c t e d 



Lender [illegible] [illegible] immediately [illegible] making [illegible] payment [illegible] instrument.

**2 Application of Payments or Proceeds.** [illegible] 2, all payments accepted and applied by Lender shall be applied in the following order of priority: First, [illegible]

Second, [illegible] required;

Third, [illegible] Note;

Fourth, [illegible];

Fifth, [illegible] Note.

Any application of payments [illegible] or postpone the due date, or change the amount, of the Periodic Payments.

**3 Funds for Escrow Items.** [illegible] Note is paid in full, [illegible] priority [illegible] Lender [illegible] Escrow [illegible] promptly [illegible] Lender [illegible] Borrower's obligation [illegible] this Section 3.

Lender [illegible] specified [illegible] Funds [illegible] Law.

The Funds [illegible] escrow

I t enmds a tt letarhtei me feísb;nodRelerS IL.PA.n sl h n bc1d n Rg ex ro fwdamd li mgadp! ytidih g u m d s y a l l y anaylzgit nees c r o w o a e ymiögfihiiet ç r o wu nIlLeesmqdapre r r io rwt o bleFsut dasnAdp pll dLabwle p e r Inb nS marks a cchh aar g ea.n gl(m)enelisonsá sib t ö A p pgl i c a o d ié m dt te le p a d td lFeu n d s , L e n d h n ble c q t p nlyodr r anwyrrt o e e s boinn g sh B o F u mwd dr . L e m gli cr c h o w g r , t hiartetss h a p h ó nd bFen dIs e n sl tlaji ll tv bo 3 ovre wio t h o u t a a h ancag u p fi frIFeunngdse s e q ubiyr e d RESPA.

I f h d asce u rp f u Fhnedl sd s c n d w fi n n dReES'AI . e m bl a t b o B o two for t che x c fe ud ni n a c c o rwdhat nRcXeStPII if asseh o ro fF a gl ehdls ei snc a d div ta c d nReScPyIA c n shlenrlo lt i i y a B o q nd o w e r b yRES PaAnBdo r r o w e r I se h tl ba é n.ppoa yam yte mas ka qp Is heo ri tawc gaourwde R S P A ,ui tn n o m o r e t ah d 2ho n tp ha ly yn I tie lm o s e a d efic i h w d gl s w gf dF a fil d ob eRtIES IIA, de earl u n dBI oi rfy w n r c q ubiyRrEeSdlA ABo o w e h a lt lb e pn adly a m o n a e st is m a rr by p lil ecfi ei n ecco yo nwdl R E dPAp ui tn i 1 o tnholrfneo n tp la ly ym e n t s .

U p opny cnct fi rolfill ls h ms e b y dsSl cs cyd su lcrrrau ln e t ngsd le p a dinqnytrlenf duB o r o awroyF uhnedlsyd L e n d e r .

4 C h a r lg ie cslDoposfw c s oh p daylt axes ss ,s .cnes, eshgarg,fs , m onisdm p o sai tt tli hoIlnds lPerop ewrhti gcahn a t tpsoi ir nb e tcyhSiesc limps t r pl m eaonstpe ahy mcegprt csrue m tdlPer cs pi ufmay yCdo m m uAnsis to ycDiu ae ts i, o n F e m sAds s e s ,s afnneFyn t s h e h ta st t ce m tEsc r b t eBums q w ehipa dtyb i nnhma n poc w i i dSeede t i o n 3 .

B o r r o hvpe dupt nd ly s cahnayi g m ll inqsrhi o r te hSiyesc du n is t yu u nBesertr (o aw)gcrisewr i tt ö n g t hpey m c m fl hocbglaitsieoenb g dldei eiumma n a cpr t a t bble en b eont n s dynop B o r r io pvcr fcrsmicnig a ger mne t( b )o n t el s itegsno fa tl b yc ,r fe d a g a ei msfe m co nf ti l ie lnc g n i c ewebdei lmng is eorp'isn i o n o p e r p t e v hemtfor c m fl bhei w lite b q sroc c ca rp ct m gl pnotnul ny s i p the e sdairceg n c lo ur d e d ; (c) s f a mh c e k o f H eiar ag : e cs ms d fahct t ab oeo gl u b ord it al gi tetrhS c c d m is ti y d mednetr. I f d c t e rt mhia mpyasr ft hPer o pi cs dubj e olt n e vchaitnatlprrriitoy t ohSiesrc d m isub ynLeennt d, a g i v e B o r r anwoetiridtcejenf tn Igee VnN. h l th a oy fs tdhu at edwi cl n nt ihgaisc vBeo r ,r so lwsa ar PII ll deo tna dcte e o r m o m f h e a efcftr ia ob noisvncl Sieics4 i o n

5 P r o p le m s t y B o e r sodlv lelrt Bi ompprrco nmeste sn i o h e m qpa rfle ecarlPed ot piyenrs eadg a li o ss s b yfi h r azr, ds sn c lwu d tlhtll on'' c dx e ncdwoe d a a naghoqt 'h a z h n d k uctu id tt gm, í c lacud t ktacpsdo o d s , forw h i Leh n d e r ir re sq urFi hailnoes euisahnbe dre h n t h tlh h a n ó {i ril inuse dd ie od gnl vded ac sfcjlt lp ac r t lo ad ts L e rdd ae q uWh rale. n d eq rupi urr estsno apuh thdiags se ne s dzacah ia b ny reti g c o tf dLeoanl d ii re s u cr aanirr e p r o v t bnes m gasc he la e h o ls B a r r soavb qtrib ednr' rs i tg ob it sr a o pv pt o r rcohwoew lle'iesg lh h a lble n o t e x e r u c n rs cc dl s Le m md be yrc q B o n r tep wc ia ry q m o te ov fl tLlhosaeni ,t h (o a n )e - ct l i nhndlng d o n e d e m i c if apenc ir d aiati t, ondiu rs gir svo ( lap n e e c thia forg o e d d te e ir rm a n iedbeirfitao tsi v rse a d s u b s ecqhuasgnets re mmn ia hpq ts ii mch a g e c a s md ipalt ltIcyeucd td m ie a t oi roeifr ct ai t i o n B o r r o hwe lrble cassbps fo th lp ca y ro u f mfoye is mq dbsdy IF e d I r m e rMgamg n gAg lc h o wg n c cwti it dn t lr ee v o E vlaoc ayd d e t r m t m tnfilg bainn b j c be yB o nonroaw

I B o r r fa iwtlcnma i natnayfl hecov e r d g ie bslc bio lvcd m aro ly t s i m m o e e a la g n dcepr t'hi snodn I 3 co wcerxpeLe n idusonr dn eorb l i tg pa ti a ea anbya orlutair y cp ae m o u e d v e'lfIha cgrcea. fc c d v csrhaag e l co Lem d emti, go lmti gn lptro o It ce rcrt B cvr e cesq' uisitnlPyr o poetr lecy p to of fPte s op e g n a y prys ts k , h a wcatrida f e frndliigthyt gp r ce tatic cb snrug ed r i w arp r e v i n e s Bloffy ra o cavko w l e htghe s cs th c i nrsaeeo ocw. gseo b t anii sgsdi dge n itte tx lcye le ooksft in s ut rb na d co lb eo nh h d bet edAin aymndds s h u r s e d b yLe n duccdr hSiesc f si hoknt e o d deb d b B orrowseruc h y th d c uSib tnys t rTuh masmnad na th s o è e r i n t a t bNsott e ftceent due so tf e l is s de matr s ldbaqd albydsw i s th e the ruepsot n, tfio oce n d o B o r r o w e r r q u cst piaymgom t .

A lli kma a p o è r e ij b ie e o d urdcawnolsf slp o d s k h sb lbjtbl ct u'dreirg gb it p io pvue pe ch l i c i e s , s h a h d asutcafined ar it egka gsps lhl m d h eecniesm o r t g n gablaedtdial o l npáyocbcs n sd le a tt ll ei tg d vc h o tl dp o k a drie n c w dadt fle Es o rl qe u r i lt ce rs gswleprlrolm pgt iltvylo e n d lc kce to p f tp p rnde s amn d

Borrower(s) Initials

[illegible] residence.

9. [illegible] Borrower's Interest in the Property and Rights Under this Security Instrument. [illegible] Lender [illegible] Property [illegible] Security Instrument [illegible] bankruptcy [illegible] Lender [illegible] Property [illegible] Borrower [illegible] Lender [illegible] Security Instrument [illegible] Section 9 [illegible] taking [illegible] Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. [illegible] Lender agrees to the merger in writing.

10. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. [illegible] Lender [illegible] Miscellaneous Proceeds [illegible] Section 2 [illegible] Miscellaneous Proceeds [illegible] Borrower.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property [illegible] Security Instrument [illegible] Borrower [illegible] Lender [illegible] Borrower.

In the event of a partial taking, destruction, or loss in value of the Property [illegible] Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower [illegible] Lender [illegible] Miscellaneous Proceeds [illegible] Property or to the sums secured by this Security Instrument [illegible]

s e c b y e Stheircsil t nys t rwuh m cto rh ict, th e ur"e O p p P styi'hm eg a n ts h pt ahlby hoa vt B so r o Mie sr c eul sl a m e o P r o coetreh des ta gg aa w h oBm o tr r lo aw ear o g di ttii nocngt n or dMil sa ci eP co co ds s .

B o r os whelarith d c faluafl nd yocnt io r p w ho cc te he dd ei rinl igm ils n ag thh, in ti e, a dj'd sg m c m t r , b di un l t f ceri ft ou f r Etr h o epoenr t t hyo d re i im ap lm eonf t c n'sl i cr te is t hPer o pocrr i t gyhn tdtseh fi esrc i l t nys t r u m e n t B o r r o aw m s r u ced he f a i ny: i i f n m s d c m e s b m r c d ltn ts a ep r o vi iS dt e d f b y a u s h m og m i p o d i e g t b d i s mvi is ts r hn d t ilh rig g at n'dj c: n ed pg t m c e fo dt i e ou f r hPer o poc n t i hn ely t e m h g bou ltr em edne t r ' s i n t e tn lEs o p e i g jn td shSil es cy li n sm e Til t r re o co ef ea y w ao re d if lol n gn ot sh aa r ai ti b m t b h d c i m p a j o r f m led h eits n t e ln l Pe m do pa crt r a ryaes bi yg a n r s d lb fp a t l Ie n d e r .

AlMi s c e slP lr aocr te dnd aeh eo i p l d t ce e sa i t ao r a j o f Pt o lp oe s rh t by a pi pel dn o tr hp ar ro vfi rid re d S e c Q t i o n

11. B o r r N ovIt e r l e; F or e b a r B y c L e Nooti Wv vie l E x te n e f t d ot re i fm p a y mo c m d d i fi o a t i o n a m o r z a nt ti d E s u m st hSi esc th m s il yg b ga b g t e td lb o r r o aw n Sy u c c ie Is m s e oor B o rr os whc a r] l n bo e p r t b e i te h aul hal d B e ro w o m rn Sy u c c ci sh sn ct re B o s r b o o s d le a r l b o et e q u i o r o e m d m e n c e p r o m gas gd ai an n Sy u cc sc s h n r i o f B s o r to ro we e fir os e x t ep na dy a t e m hw e im fa d d i fr ot i z of hi e o n s u m sc c h y t e Sli c s c u l r m i sti cyul tr c a s fo n dy e a md m a l d y t hoer i B i o n r a d w a u Sy u cc sc s io h n s t o rf e s t B o r r o wfe ) er at r Io r h y d re i rr e r ci a b i y g b g b tn e d g u w ig(d h o m t lt u a t d acor e',es p g a y m e n t s ti : o m p e d s c o n t o ft u c o c s s n s d c n B o e n r e oxi w m m o d ret b s ta s h a e n o tu h d t m e , n ob t a w il Vo e fi o r p r c c l l eu x d c r os fi en r yi g t e ctl y .

12. J. o in m Hs e v d L l a b Il l t y ] S g cn ee c r sa sg t A s dm s B p n B o o w e c n a m d s a g B c a w't s h a t o b l i g a lt i ilaol nhsk g i d yd t a cdl o av v, e r B o y r w lwo e re o b S si csg lu m i o t g b t nrl to es e m ce tc h t e N o ( ai c g n s e (tr a")s) ; ci ort-ib gltes gt n y inr- us m cl tn tt m co tn gl ga y g ac t ed o n tv be cg i g n n t b ts Pe b p e r t y u n d t chtrec m n sh Si es c u l m i s m te yn t i; n ob t b )s o n a l l ty p ad yl hd c i rg s a t s c ol e S e c d y n b y n a mned:nt ; ( ac g) r te h a t a s t n ad nadm oy t B o r r o u wm g o o x e m o d, fo ry bo m m a b o ay c c o n m owdl a t dh g t ab rlt dc o m s o f h Si cs t t i rri su t t ygo ct r Nob w e t b do u ct o - a ri g e a m tr .' s

S u bj t c b dp r io s v io S n s 1 li m Syc c c is i s n tr o f b o v e w h a o s B mo rw'cs b l i sg n ti th Si e su r i t y I n s t n w n t m a m g s- i p ip h r yo e v n es,al d b l l n a t b B o r o s w i g la n d l s e n e h r il t Se e c i l n y s t u i l i u n o e r ro w e r s h a lobt e e l d r a Be d r ' o a w b el n gn a n s d d i b i u ri t d y S e c d h m is t h g n n s t l e, d e ea g r te ce s s a k ld a s e w r i tT h e a o gv a e m t a d g m e eco f h Si e se tl r i b n t a n s u h b a l (h el x p p r o vi iS d t e c d )h c m b r d e o f i l st c u ec s c s o r s a nd s i g n f s n d e r .

13. C h a r g e sm. a cy L e Bjm od r e r w e f s od f, r sv e ip c e c r f o r t r r t e d i n la c u fla c tur e c t h i o f i p u w p t o p r e c ct t g c r n d e r 'i s n h P ia rtt e cja r eo y d i t gs l n a rd d b S eu rd l y s t m ti y m c m l gh, u l t i l i m ut it c t , e d ya sf e'es s n d c p r o pi e nt s t p y e nv da i l cuf m c t b i e n ro d e r y c o i l g e s c t t o f b r t e S d e c a r m B ca n cy db aa y n o t t c l ha at r g e a re cx p e s p s b g b b h Si e co u b I t o ys t r o lb m e A th p ELl a i w ca

I f L to hi es u b jtc ad t aw h is cc nt as i u m l o ca l n i m m g d d tai ijv lh nl u ali g n t p s n t h t al t e n d t o r e b h a c h a r g d so c r t dd lo l d c cc to er dh dvi i n b lh e : e x c t e l p od t r n i m i d t ls g a n sy n k d c a l n asr l g ha d e d u c e d b y h u e n o m e n t e y s t s c od d t l u c c t e l b l p ce g n l i t r i ( t b d ) s a a n m dy r e a l d g f id B m w b iw ex h c e e d e d p e r m l i t r d i c h l d s c f u n t Bo d r B o w r e r d n e y c h m a c k s i a r l d oy e d u t d pi r n i p gab e vi d n d d h r e o N o yt e m a k g d i p a y m B o t : l o f w c i e t t u np dr i r p d c h i e p c ar la w i E bl h c b r t c i a t o q n d n l i p a r l c p a y d m o o h a n g e s ! d h u c e a d r e t l m o o n p h l y m a m o u t u m r et s i lN o ti e l a d g e r i e w c r si t i d b h q g s c e S co l r a r n dg w c c r e c n g f t b y n c e s u c h fu n d b y nia r p l o cr q t r d B o c r w e l v d d s n l t i c t w a i ov fe r r yi g a t t B o o f r n m n i w g h a w e r i i o s gr b t s u c h o v e r c h a r g e .

14. N o t A dh u e o. ti g lc a b B m o r r c o l v e r r i r b c a r r e c t v i t b t h i e s t t a y t l m m n u b t w r i t g A m y o t t i o c e B o r r o c w o m i u w r t t h Si c e s e t h u r n s t on y e l h e d d e t t m e e b e g n v B o r r o w h e a rr a l e l d l c r h l s y a h s o i d w h e r e : u a l l y B od re rl c h w e e r i d c d s t v s f tc lo y p t l m e o r : N o. t i ti n e o ey n B e o r r s o l v e d t j n t o u t t i o c l o l B o r o w e o l A e p sp s b l L a w x r e cc g s u s i e ry w s l S n e d o l ai d e d es h h d l P e p o e A t y r e s N o n o h v a e s s

[illegible] address. [illegible] Security Instrument.

15. [illegible]

[illegible]

16. [illegible] Instrument.

17. [illegible] purchaser. [illegible]

[illegible] Borrower.

18. [illegible] Section 17.

[illegible] 7

P [illegible]

Borrower [illegible]

19. [illegible]

20. [illegible]

21. [illegible]

NON-UNIFORM COVENANTS. [illegible]

22. [illegible] 

[illegible]

[illegible]

[illegible]

[illegible]

23. [illegible]

24. [illegible]

[illegible]

25. [illegible]

26. [illegible]

[illegible]

Page [illegible] 3

IDS, Inc. - 58486

Borrower(s) Initials 

2 7P. u r c Mo n eOyw;e b P a r t i t i on n Ex Re n e w a l Ag a i n s t H P r o p e r t y ; a n d Acknowled CasAh v a n c e s Ag a i n s t Ho m e s t e a d Pr o p e r t y Ch e c k a s a p p l i c a b l e :

[X] Pu r c h a s e Mo n e y.

Th e f u n d s a d v a n c e d t o Bo r r o w e r u n d e r t h e No t e w e r e p a i d t o a p p l y t o t h e p u r c h a s e p r i c e o f t h e Pr o p e r t y. The Note is also primarily secured by the vendor's lien retained in the deed... which ... Security Instrument...

[ ] Owe lo Partition.

Th e No t e r e p r e s e n t s f u n d s a d v a n c e d b y Le n d e r s i p u e s ... a r e p a r t i t i o n ... Property ... awarded.

[ ] Re n e w a l Ex t e n s i o n Ag a i n s t Pr o p e r t y.

The Note is ... renewal and extension ... Exhibit ... incorporated ... not evidencing Borrower's ... maturity of the Note ... indebtedness.

[ ] Ac k n o w l e d g m e n t o f Ca s h Ad v a n c e s Ag a i n s t No n - Ho m e s t e a d Pr o p e r t y.

The Note ... Borrower ... Property ... Security Instrument ... Property.

2 8. Lo a n No t a Ho m e Eq u i t y Lo a n. The Loan evidenced by the Note is not an extension of credit as defined by Section 50(a)(6) or Section 50(a)(7), Article XVI, of the Texas Constitution ... Borrower ... Property ... Borrower ... Security Instrument ... Section 28.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

-Witness -Witness

(Seal) (Seal)

COREY ROBINSON -Borrower NINA ROBINSON -Borrower



STATE OF TEXAS
County of Collin ss:

Before me Shannen Sapien personally appeared ... ROBINSON AND ... ROBINSON, known to me (or proved to me through ... ) to be the person(s) whose name(s) is/are subscribed to the foregoing instrument and acknowledged to me that he/she/they executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this 13 day of March, 2018

My Commission Expires: 4-1-19

(Seal)

SHANNEN SAPIEN
Notary Public, State of Texas
Comm. Expires 04-01-2019
Notary ID 130172178

Notary Public

Loan Originator (organization): EVEREST FINANCIAL, INC.; NMLS #...
Loan Originator (individual): ... ; NMLS #225549 

E X H IBIAT

T r al c: t

B e i anlg lh a e r l otti r,pa op ta r oc fe à a il t :i ntahfecS dB e a S udr vAcb ys ,t r a c t N u m bl e2i 7D e n C o n nTte yx ha es i,anlglh ca a r tt ·a a fri f a a d v b yl e d d o m J o lC nMi l al rewdri fM,ar yR .Mi 1 :l de er g i M oa rl glaran.gwdi :Mfe ,u r Je Mo r g a n r e c o in V oe ld ul m7e6P0a, g e2 D ,e eRdc c o D ednst Co m nTte yx, a n bl c i mogr e p a r t i dc ea sl caas fo llyk d w s

B e g i na na iin rr go os (cfic tc ro r in te lr c x aRro d aap r,u b rl oi ac d swaapiyd, ib re tit nh ge n o r t th e ane ff h a e r t a a df ta ro ch n v b ydce dcfr ch rr r a Bh akr tt dB h r t e d F a mi Pla yr t h t e d e ,p o a d d d F e rF k 'Nsa m b 9e 5 . R 0 0 0 0 0 6PBu ab l l i c R e c o D ednst,C o m nTte yx ,a s ;

The n S 8 95 54'9W, p a s $ 9 . fe8e 4t ri r po in fo a nfolrw e s ti on fe a A lc e x a n d er R o aadt ,o d a k toa5n0c6efe 0 wt4i t hneo rl ti dn fe a B ad rttcrl a a ti r ro osdefotr c o r sa e pr ol ib re tit nhgeo u t ch oe ra os ft h ca c r tt a a dn ta o d n v b yl e dfr d m J o lC nMi l al rewdri fM,a r yMi l tl Re er g i M oa rl glla rand wi fM,a ra e JnMo r g a n r e c oir Moel du2 ra olP la ,g 6 0 fl l dP iu ab R ci oc oD ednst C o m nTte yx ,a s ;

T h e N0 03 25'4E',3 4 7 fe et4 wi t hee: hsiton fe a Mol r g ar m c c oir Moel du m c 2 2 1 Pla, g 65 tl o . ir r o osdeftc crme r a hseo ul ti hn fl a Gk aRyo aadp, u b l i c r o a d w a y ;

T h e nNc8 e9 5 52'1 E ,pa s as 4 7 8 .f 9e anti r o nfound fo rs a w d sl ti oa fe a i d A l e x aRro d aad r,o d a s to a5n0c3 e 7w8 t s h si od ul ti hn fe a Ji al G k aRy at ch n i r ro os dc tfce ro rrie sr a A ld e x aRro d d r;

T h e S 0 00 10'9V" W3, 4 7 fe 6w3 i s h A ld e x aRro dtedor hPel aocfbe g i ramdi n g c o n t a4 i. 0ai3crlxg E a n d .

T r al cl t:

B e i anlg lh a c i lt atti r,pa op ta r oc fel a n il tu ai tn edl Ae.S B c a S ud· vAcb ys ,t r a c t N u nbel r2i7 D e n C o n nTty ,x ta es i,anlgll ca ca rt tt ra a dn f a a d v b yl e dfr d m

J o lC rMi l al nevvki ,fVd yaRr.Mi l tl de gi n dMlo gh ,nJ ra .n wl i ,fMa u r Je Morgan r e c o ir W c ll u17n 6 0 ge 2 2 D,e eRde c o D el rs tCounty, T e x, a a ld e gi mo r e pa r t iyd u ls c r i fb le ll o ws :

B egi n g ai and rorn of d) uf nodro rnie fr he ea ls it on fe h ca et r tt ra ei fh a ca d nyev dby d e dfr do dMi c hCa.Re al m d.,o sv ,e P rpeard t, li nolcsWi n f Ba r eodn c oir Mce ld u m e 2 0 7P6ge 4 1, O f f iP u ib R lo cc o D ed rs C, o ny,nTte x, sa as po di ln dgit nhneo r t h we s t cor n ce fr h ca d r tt ra ei Ena e d nyev dby d e e d F m aBnalcr tt Re al r Ftaeng P a r t, n e r s L t d e c ourndd Celre F k N us m b9e5 . 10 O 05O8 fi d P iu b R d cc o Dr ed ns C o ny,n t T e x, a s

T h e N 0 00 41 ' 2W, 3 4 7 fe etw5 i s h e alls it on fe ai Bd a rt o rnta e fr r ro onfd r u a d forc o rrie tr hs eo d ri dhlfe l 6 cly dR o a acpul b h l b a yl ;w a

T h e N 8 05 52 ' 1 E', 1 2 3 fe e7 t8i ts hisd o d ti bn fe a A a 6 kydR o at da n ro n d s efo rc o rps a po di ln dgi t nhneo r t h w o sr to f h a d e r t n a ot ta n d nyev dby d e c dt d mE n

Mi l al rwdi ,fMa yrR .Mi d tl R egi n dMlo gh nJ ra .n wli ,fMa u r Je Morgan r e c o r d e d i V o l ul7n6,P gge 2 2, D e eRd c o D ed ns C o ny,iT e x, a s

T h e S 0 03 25 ' 4W, 3 4 7 f etwit t hwee ls i on fe a Mo dga n r a e c oir Mce ld u m e 1 7 6P 0ge 2 2t6o . in r ro ra dd t c ro n i h tc ln co rl ti dn fe a B d t lc al;c t

T h e S 8 05 54 ' 9 W, 1 2 0 1 fe et i ts h a ol rl ti dn fe a B al r tt re of dh to P l aocfe B egi n g ai nedo n t g 0 i. 9ai7cr2ro d sl a n d .

N O T E :T H E C O M P A N Y D O E S N O T R E P R E S E N T T H A T H E A C R E A G E S Q U A R E F O O T A G E C A L C U L A T I O N S A R E C O R R E C T .

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Robert Newark on behalf of Robert Newark
Bar No. 24040097
Office@newarkfirm.com
Envelope ID: 60423157
Status as of 1/3/2022 8:45 AM CST

Associated Case Party: CoreyLaronRobinson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Robert Newark | | Office@newarkfirm.com | 1/2/2022 5:04:40 PM | SENT |