# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| COREY ROBINSON, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:22-CV-00016-SDJ- |
| v. | § | CAN |
| | § | |
| PENNYMAC LOAN SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant PennyMac Loan Services, LLC's Motion for Judgment on the Pleadings [Dkt. 12]. Plaintiff filed no response to the Motion [*see docket generally*].[1] Having considered PennyMac's Motion, and all other relevant filings, the Court recommends the Motion for Judgment on the Pleadings [Dkt. 12] be **GRANTED**.

## RELEVANT BACKGROUND

Plaintiff Corey Robinson ("Plaintiff") initiated this lawsuit in the 393rd Judicial District Court for Denton County, Texas seeking relief from the scheduled foreclosure sale of his home, the real property located at 9375 Jack Gray Road, Pilot Point, Texas (the "Property") [Dkt. 3]. On or around March 30, 2018, Plaintiff purchased the Property with a loan from Everett Financial, Inc. d/b/a Supreme Lending in the amount of $391,483.000 (the "Loan") [Dkts. 3 at 3; 12 at 2]. In connection with the transaction, Plaintiff executed a Note, together with a Deed of Trust ("Deed"), granting the lender a lien on the Property to secure repayment of the Loan [Dkt. 12 at 2-3]. On

---

[1] Because Plaintiff has not filed a response, the Court will presume Plaintiff does not controvert the facts set out by PennyMac and has no evidence to offer in opposition. Local Rule CV-7(d) provides, in relevant part: "A party opposing a motion shall file the response, any briefing and supporting documents within the time period prescribed by Subsection (e) of this rule. . . . A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." Eastern District of Texas Local Rule CV-7(d).

November 15, 2018, the Loan was assigned to Defendant PennyMac Loan Services, LLC ("Defendant" or "PennyMac") [Dkt. 12 at 3; 12-2 at 3]. PennyMac is the current mortgagee.

After assignment to PennyMac, Plaintiff defaulted [Dkt. 12 at 3]. Plaintiff does not dispute that he is in default. Plaintiff failed to cure his default, and the Loan was accelerated. On October 19, 2021, PennyMac filed an Appointment of Substitute Trustee and Notice of Trustee Sale ("Notice of Sale") [Dkts. 3 at 12-15; 12 at 3]. Pursuant to the Notice of Sale, a foreclosure sale was scheduled to take place on January 4, 2022 [Dkts. 3 at 12; 12 at 3].

To stop the sale, on January 2, 2022, Plaintiff filed the instant suit in the 393rd Judicial District Court for Denton County, Texas [Dkt. 3]. Plaintiff sought a temporary restraining order ("TRO"), which the state court granted on January 3, 2022 [Dkts. 1-2 at 2; 12 at 3]. No foreclosure sale of the Property has occurred. On January 10, 2022, PennyMac removed the instant action to the Eastern District of Texas [Dkt. 1]. Upon removal, the Court ordered "the Parties to replead *as necessary* to comply with the Federal Rules of Civil Procedure and the Court's Local Rules[,]" and gave Plaintiff thirty days to file an amended complaint [Dkt. 5 at 1] (emphasis in original). Plaintiff chose not to replead. Per the scheduling order in this case, Plaintiff's deadline to amend his pleadings with leave of court was August 17, 2022 [Dkt. 10 at 1]. Plaintiff's live pleading asserts claims for negligence, violations of Chapter 51 of the Texas Property Code, breach of contract, and seeks injunctive relief [Dkt. 3 at 2-7]; Plaintiff claims PennyMac failed to provide proper notice of the sale of the Loan, failed to provide proper pre-foreclosure notice as required by the Deed, made false representations related to the Loan, and "evaded" his appeal of the loan modification application [*See* Dkt. 3].

On August 18, 2022, PennyMac filed the instant Motion for Judgment on the Pleadings [Dkt. 12]. Plaintiff did not file a response; the Court confirmed with Plaintiff's counsel that no

response had been (or would be) filed at a status conference held on November 3, 2022. PennyMac's Motion is thus ripe for consideration.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A motion for judgment on the pleadings pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Jay v. Specialized Loan Servicing LLC*, No. 4:19-CV-680-RWS-KPJ, 2020 WL 5637934, at *2 (E.D. Tex. Aug. 28, 2020) (quoting *Hebert Abstract Co., Inc. v. Touchstone Props.*, 914 F.2d 74, 77 (5th Cir. 1990)), *report and recommendation adopted*, No. 4:19-CV-00680-RWS-KPJ, 2020 WL 5632658 (E.D. Tex. Sept. 21, 2020). A "judicially noticed fact" is one that "is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998) (citing FED. R. EVID. 201(b)); *Karch v. JPMorgan Chase Bank, N.A.*, 2017 WL 1426755, at *2 (E.D. Tex. Apr. 20, 2017).

Rule 12(c) motions are governed by the same standards applicable to motions under Rule 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002)) ("The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)."). "The primary focus is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Jay*, 2020 WL 5637934, at *2 (citing *United States v. 0.073 Acres of Land*, 705 F.3d 540, 543 (5th Cir. 2013)). "To avoid dismissal, a plaintiff must

plead sufficient facts to state a claim for relief that is plausible on its face." *Johnson v. Teva Pharms. USA, Inc.*, 758 F.3d 605, 610 (5th Cir. 2014) (citing *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**REQUEST FOR JUDICIAL NOTICE**

PennyMac requests the Court takes judicial notice of: (1) the Note [Dkt. 12-1]; (2) the Deed [Dkt. 3 at 17-32]; (3) the Assignment [Dkt. 12-2]; and (4) the Notice of Sale [Dkt. 3 at 13-15]. PennyMac urges each document is either filed in the public record, attached to the complaint, or is central to Plaintiff's claims [Dkt. 12 at 3 nn. 2-3]. No objection has been made to the Court taking judicial notice of each of these documents. Generally, a court may "consider documents referenced in the plaintiff's complaint and central to the plaintiff's claim and may take judicial notice of publicly filed documents when analyzing a Rule 12(c) motion for judgment on the pleadings." *Jay*, 2020 WL 5637934, at *3 (citing *Van Duzer v. U.S. Bank Nat'l Ass'n*, 995 F. Supp. 2d 673, 685 (S.D. Tex. 2014)); *see Wallace v. U.S. Bank, N.A.*, No. 4:17-CV-437-ALM-CAN, 2018 WL 3321463, at *4 (E.D. Tex. Jan. 22, 2018) (though a court generally cannot look beyond the pleadings in deciding a Rule 12(b)(6) or Rule 12(c) motion, "documents 'attached[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claims.'"), *report and recommendation adopted*, No. 4:17-CV-437, 2018 WL 1224508 (E.D. Tex. Mar. 9, 2018). The Court finds it appropriate to take judicial notice. The Deed, Assignment, and Notice of Sale are public records previously filed in the real property records of Denton County. *See* FED. R. EVID. 201; *Crear v. JPMorgan Chase Bank, N.A.*, No. 3:19-CV-2255-M-BT, 2020 WL 5848991, at *3 (N.D. Tex. Sept. 30, 2020) (taking judicial

notice of Substitute Trustee's Deed, Deed of Trust, and Assignment of Note and Deed of Trust because they are matters of public record); *Rentfrow v. JP Morgan Chase Bank, Nat'l Ass'n*, No. 4:19-CV-3507, 2020 WL 1893558, at *2 (S.D. Tex. Mar. 25, 2020), *report and recommendation adopted sub nom. Rentfrow v. JP Morgan Chase Bank, N.A.*, No. CV H-19-3507, 2020 WL 1891848 (S.D. Tex. Apr. 16, 2020) ("[T]he Court takes judicial notice of the Deed of Trust for the subject property, the Notice of Federal Tax Lien on the subject property, and the November 1, 2014 written Loan Modification," as they are all public documents) (internal citations omitted). The Court notes however that the copy of the Deed that is attached to the complaint, and filed with the Court, is wholly illegible [*See* Dkt. 3 at 17-32]. The Court also properly takes judicial notice of the Note, as it is central to Plaintiff's claims and is referenced in the complaint [Dkt. 3 at 3, 5-6]. PennyMac represents that the Note is a true and correct copy [Dkt. 12 at 2], and Plaintiff raises no challenge to the authenticity of the record. *See Douglas v. Wells Fargo Bank, N.A.*, No. 4:19-CV-00737-ALM-CAN, 2020 WL 6588598, at *3 (E.D. Tex. Oct. 21, 2020) ("The Court likewise takes notice of the Notice of Acceleration and Notice of Substitute Trustee's Sale, as this document is 'referred to in the plaintiff's complaint and is central to the plaintiff's claim.'"), *report and recommendation adopted*, No. 4:19-CV-737, 2020 WL 6581863 (E.D. Tex. Nov. 10, 2020).

## ANALYSIS

Plaintiff's pleading asserts claims for: (1) negligence (and negligent misrepresentation); (2) violation of Chapter 51 of the Texas Property Code, (3) breach of contract, and (4) injunctive relief [Dkt. 3].[2] PennyMac moves for dismissal of each of Plaintiff's claims under Rule 12(c).

---

[2] Plaintiff's complaint includes reference to RESPA but does not plead the elements or any factual allegations related to such a claim [Dkt. 3 at 2], falling short of the pleading requirements outlined in Federal Rule of Civil Procedure 8, which states that a claim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *See* FED. R. CIV. P. 8(a)(2). No other references are made in the complaint to any violation of RESPA. The Court finds no RESPA claim has been asserted.

### *Negligence*

PennyMac argues that Plaintiff's negligence claim fails for three independent reasons: (1) failure to establish that PennyMac owes any duty to Plaintiff, whether arising out of HUD regulations allegedly incorporated into the Deed, or any common law duty of good faith and fair dealing; (2) failure to allege plausible factual allegations that PennyMac breached any duty owed to Plaintiff; and (3) Plaintiff's claim is barred by the economic loss rule [Dkt. 12 at 5-8].

#### *PennyMac Owes No Duty to Plaintiff*

To state a viable negligence claim under Texas law, Plaintiff must establish the following elements: "(1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022). "The threshold inquiry in a negligence case is duty." *Id.* (quoting *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)). The nonexistence of a duty ends the inquiry into whether negligence liability may be imposed because "[i]f the defendant owed no duty, it cannot be found liable for negligence." *Robison v. Cont'l Cas. Co.*, No. 1:17-CV-508, 2022 WL 336901, at *7 (E.D. Tex. Jan. 6, 2022) (citing *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 180 (5th Cir. 2018)). "The initial burden of proof for each element of a negligence cause of action is on the plaintiff." *JPMorgan Chase Bank, N.A. v. Borquez*, 481 S.W.3d 255, 267-68 (Tex. App.—Dallas 2015, pet. denied) (collecting cases).

In the complaint, Plaintiff asserts PennyMac had a duty to Plaintiff under the Department of Housing and Urban Development ("HUD") regulations incorporated into the Deed "to provide notice of any transfer, assignment, or sale" of the Note, "to properly manage the loan and the escrow amount, to comply with the notice provisions contained in the [Deed] before accelerating the [N]ote" and foreclosing on the Property, and "to protect [Plaintiff's] rights and not mislead"

him "when applying for a mortgage modification" [Dkt. 3 at 3].

As an initial matter, in the mortgage context, Texas law imposes "no 'special' or fiduciary relationship between a lender and borrower." *Hernandez v. Servis One, Inc.*, No. 4:15-CV-00596-ALM-CAN, 2017 WL 9250371, at *7 (E.D. Tex. Feb. 6, 2017) (citing *Neresova v. Suntrust Mortg., Inc.*, No. 3:11-CV-976-BH, 2011 WL 13127891, at *5 (N.D. Tex. Nov. 16, 2011)), *report and recommendation adopted*, No. 4:15-CV-596, 2017 WL 2644641 (E.D. Tex. June 20, 2017); *see Del Rio Trejo v. Bank of Am., N.A.*, No. 3:19-CV-01406-L, 2020 WL 982004, at *2 (N.D. Tex. Jan. 21, 2020) (citing *Scott v. Bank of Am., N.A.*, 597 F. App'x 223, 225 (5th Cir. 2014)) ("Texas does not impose a legal duty on a mortgagee [] to a mortgagor that would give rise to a negligence claim."), *report and recommendation adopted as modified*, No. 3:19-CV-1406-L, 2020 WL 980951 (N.D. Tex. Feb. 28, 2020).  To be clear, "[t]he relationship between a mortgagor and mortgagee, or between a debtor and creditor generally, does not give rise to a duty of care the breach of which 'could sustain a cause of action apart from the existence of the contract.'" *Jasso v. PennyMac Loan Servs., LLC*, No. 4:18-CV-4624, 2019 WL 6330576, at *4 (S.D. Tex. Nov. 4, 2019) (quoting *UMLIC VP LLC v. T & M Sales & Envtl. Sys., Inc.*, 176 S.W.3d 595, 613 (Tex. App.—Corpus Christi–Edinburg 2005, pet. denied))), *report and recommendation adopted*, No. CV H-18-4624, 2019 WL 6330552 (S.D. Tex. Nov. 26, 2019).  "Absent a 'special relationship,' any duty to act in good faith is contractual in nature and its breach does not amount to an independent tort." *Escanlar v. Wells Fargo Bank, N.A.*, No. 4:10-CV-498, 2011 WL 1466279, at *5 (E.D. Tex. Mar. 28, 2011), *report and recommendation adopted*, No. 4:10-CV-498, 2011 WL 1465518 (E.D. Tex. Apr. 18, 2011).  No special relationship has been identified here.

Thus, the only duties owed by PennyMac to Plaintiff are spelled out in the Loan documents. Plaintiff urges that the HUD regulations are incorporated into the Loan documents, specifically

the Deed, and supply the necessary legal duty for a negligence claim. *See Dreher v. PNC Fin. Servs. Grp., Inc.*, No. CV 18-07827-MWF (FFMX), 2020 WL 6260008, at *6 (C.D. Cal. Sept. 23, 2020) (finding that defendant "had no statutory or contractual duty to notify Plaintiffs of the Loan's sale or the Deed's assignment"). Plaintiff is incorrect. PennyMac owes no legal duty to Plaintiff under either the HUD or Home Affordable Modification Program ("HAMP") regulations. HUD regulations do not provide a basis for an independent cause of action for negligence separate from any claimed breach of contract. *Denley v. Vericrest Fin., Inc.*, No. CIV.A. H-12-992, 2012 WL 2368325, at *4 (S.D. Tex. June 21, 2012) ("The HUD regulations are not a basis for any private right of action, except only for breach of contract, if the contract incorporated the regulations, which is not the case here. Plaintiff has not stated a claim upon which relief can be granted for negligence based on the HUD regulations."). To be clear, "[e]ven when the HUD regulations are supposedly incorporated into a deed of trust, courts have still found alleged violation of these regulations does not amount to a private cause of action." *Klein v. Wells Fargo Bank, N.A.*, No. A-14-CA-861-SS, 2014 WL 5685113, at *6 (W.D. Tex. Nov. 4, 2014) (collecting cases), *aff'd*, 613 F. App'x 428 (5th Cir. 2015); *Del Rio Trejo*, 2020 WL 982004, at *4 (citing *Smith v. JPMorgan Chase Bank, N.A.*, 519 F. App'x 861, 864 (5th Cir. 2013)) ("While HUD regulations do not impose an independent legal duty on a mortgagee to a mortgagor, a violation of HUD regulations can form the basis of a breach of contract clam if the parties expressly incorporate the regulations into their contract."); *Baker v. Countrywide Home Loans, Inc.*, No. CIV A 308-CV-0916-B, 2009 WL 1810336, at *5 (N.D. Tex. June 24, 2009) (collecting cases) ("courts have recognized that claims for failure to comply with the HUD regulations in question are best classified as a breach of contract"); *Tolliver v. Bank of N.Y. Mellon as Tr. for Certificate Holders of CWABS Inc., Asset Backed Certificates, Series 2007-3*, No. 4:18-CV-00977-O-BP, 2019 WL

3937341, at *15 (N.D. Tex. Aug. 5, 2019) ("Because there is no private cause of action under the HUD regulations, Tolliver has failed to state a claim.").  Nor is there an independent cause of action for violation of HAMP regulations.  *Cerrillo v. Bank United N.A.*, No. 1:19-CV-57, 2019 WL 13190569, at *2 (S.D. Tex. July 8, 2019) ("HAMP did not provide a private right of action.") (collecting cases); *see Law v. Ocwen Loan Servicing, L.L.C.*, 587 F. App'x 790, 794 (5th Cir. 2014) (citing *Pennington v. HSBC Bank USA, N.A.*, 493 F. App'x 548, 552 (5th Cir. 2012)) ("This circuit has not precedentially resolved whether there is a private cause of action under the HAMP regulations. We have held in an unpublished opinion that there is not."); *Godfrey v. Wells Fargo & Co.*, No. 5:16CV79-RWS-CMC, 2017 WL 872679, at *7 (E.D. Tex. Jan. 9, 2017) ("there is no private right of action for borrowers under HAMP"), *report and recommendation adopted*, No. 5:16-CV-00079-RWS, 2017 WL 841152 (E.D. Tex. Mar. 3, 2017); *Cerrillo*, 2019 WL 13190569, at *2 ("HAMP does not afford [the plaintiff] a cognizable cause of action.").

### *Economic Loss Rule/Doctrine*

The economic loss rule acts as a further basis for dismissal of Plaintiff's negligence claim. Under a negligence theory of liability, a plaintiff must allege damages not barred by the economic loss rule to survive dismissal.  *Colbert v. Wells Fargo Bank, N.A.*, 850 F. App'x 870, 877 (5th Cir. 2021) (per curiam) (citing *Ibe v. Jones*, 836 F.3d 516, 526 (5th Cir. 2016)).  In this regard, PennyMac urges that Texas law bars a negligence claim predicated on noncompliance with notice provisions under a deed of trust because these are contractual obligations (which must be pursued through a breach of contract claim) [Dkt. 12 at 7-8].

"Generally, the economic loss rule precludes recovery in tort where a plaintiff's only injury is an economic loss to the subject of a contract." *Kovalchuk v. Wilmington Sav. Fund Soc'y, FSB a Tr. of Upland Mortg. Loan Tr. A*, 528 F. Supp. 3d 647, 662 (E.D. Tex. 2021) (quoting *Higher

*Perpetual Energy, LLC v. Higher Power Energy, LLC*, No. 4:17-CV-00414, 2018 WL 3031780, at *6 (E.D. Tex. June 18, 2018)), *aff'd on other grounds sub nom. Kovalchuk v. Wilmington Sav. Fund Soc'y*, No. 21-40281, 2021 WL 5119705 (5th Cir. Nov. 3, 2021). "To determine whether the economic loss rule bars a tort claim, courts look to 'the source of the defendant's duty to act (whether it arose solely out of the contract or from some common-law duty) and the nature of the remedy sought by the plaintiff.'" *Colbert*, 850 F. App'x at 876 (quoting *Ibe v. Jones*, 836 F.3d at 526). "A claim is typically contractual if the only loss or damage is to the subject matter of the contract." *Texas Bank & Tr. Co. v. Zucker*, No. 6:18-CV-525-JDK, 2019 WL 1922044, at *8 (E.D. Tex. Apr. 8, 2019) (citing *Flying J Inc. v. Media, Inc.*, 373 S.W.3d 680, 685 (Tex. App.—San Antonio 2012, no pet.)). Regarding the nature of the remedy, "[t]o be entitled to damages for negligence, a party must plead and prove either a personal injury or property damage as contrasted to mere economic harm." *Hernandez*, 2017 WL 9250371, at *8 (citing *Express One Int'l, Inc. v. Steinbeck*, 53 S.W.3d 895, 898 (Tex. App.—Dallas 2001, no pet.)). The Texas Supreme Court has established the following framework for distinguishing between an action that sounds in tort and one that sounds in contract:

> If the defendant's conduct—such as negligently burning down a house—would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff's claim may also sound in tort. Conversely, if the defendant's conduct—such as failing to publish an advertisement—would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract. In determining whether the plaintiff may recover on a tort theory, it is also instructive to examine the nature of the plaintiff's loss. When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract.

*Bowman v. CitiMortgage Inc.*, No. 3:14-CV-4036-B, 2015 WL 4867746, at *3-4 (N.D. Tex. Aug. 12, 2015) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.*, 960 S.W.2d 41, 45 (Tex. 1998)).

Here, none of the alleged injuries Plaintiff has suffered are independent of the Deed. Stated differently, Plaintiff's alleged injuries are based on the subject matter of the contract [Dkt. 12 at 7-8]. Plaintiff's negligence claim therefore falls squarely within the economic loss doctrine and is barred, since he does "not allege[] non-economic damages resulting independently of the deed of trust." *See Law*, 587 F. App'x at 796 (dismissing negligence claim where "[plaintiff's] complaint asserts no basis for the duties [defendant] owed to [plaintiff] other than the deed of trust and various statutes"); *Colbert*, 850 F. App'x at 877 ("The source of any duty owed by Wells Fargo is its mortgage contract with Plaintiffs. The duty to correct misleading statements and duty to use reasonable care in communicating information are directly related to the contract."); *Mass v. Wells Fargo Bank, N.A.*, No. CV H-21-2962, 2022 WL 61161, at *5 (S.D. Tex. Jan. 6, 2022) ("Any damage [plaintiff] allegedly suffered is due to an alleged breach of Defendant's duties under the Deed of Trust. Her tort claims are thus all barred by the economic loss doctrine."); *Smith v. U.S. Bank, N.A. as Tr. NewRez LLC*, No. 1:21-CV-00338-LY-SH, 2022 WL 345655, at *2 (W.D. Tex. Feb. 4, 2022) (citation omitted) ( where the plaintiffs negligence claim "are based on Defendants' alleged (1) failure to give the notice of acceleration and foreclosure required by the Loan Contract, and (2) representations as to Smith's options for loss mitigation, including his application to modify the Loan Contract. Smith has not alleged any independently recoverable injury outside of economic loss associated with his Loan Contract with Defendants."), *report and recommendation adopted sub nom. Smith v. U.S. Bank N.A.*, No. 1:21-CV-338-LY, 2022 WL 1546643 (W.D. Tex. Mar. 3, 2022). The injuries alleged by Plaintiff – including incurring additional charges to his loan balance and escrow account – are not independent of the contract and are therefore barred. *See Marshall v. Freedom Mortg. Corp.*, No. 3:22-CV-1084-K-BN, 2022 WL 14954831, at *7 (N.D. Tex. Oct. 3, 2022) ("Any injury relating to clouding title, charges related to her mortgage and

escrow accounts, and loss of time caused by Plaintiff's attempts to remedy problems with her mortgage all stem from the subject matter of the deed of trust and therefore is not independent of the economic injury."), *report and recommendation adopted*, No. 3:22-CV-1084-K-BN, 2022 WL 15089737 (N.D. Tex. Oct. 25, 2022). The Court finds PennyMac is entitled to judgment on the pleadings on Plaintiff's negligence claim.

### *Negligent Misrepresentation*

Within Plaintiff's negligence cause of action, he repeatedly references that a lender can be found liable for negligent misrepresentation. To the extent asserted as a separate claim, PennyMac moves for dismissal of same. Under Texas law, negligent misrepresentation has four elements:

> (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.

*Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 123 (5th Cir. 2019) (quoting *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)). "A negligent misrepresentation claim, however, cannot be based on a promise to act in the future, but must rather focus on misstatements of *existing* facts." *Liquid Cap. of Am. Corp. v. Effective Bus. Sols. Inc.*, No. 3:18-CV-3102-S-BH, 2020 WL 2950412, at *7 (N.D. Tex. Mar. 30, 2020) (citing *Thawar v. 7-Eleven, Inc.*, 165 F. Supp. 3d 524, 533 (N.D. Tex. 2016)) (emphasis added), *report and recommendation adopted*, No. 3:18-CV-3102-S-BH, 2020 WL 2926471 (N.D. Tex. June 2, 2020).

PennyMac argues Plaintiff has not identified any misrepresentation or false information allegedly provided to Plaintiff [Dkt. 12 at 8-9]. The Court agrees. The complaint contains no facts that plausibly allege PennyMac provided false information in "communicating to Plaintiff the options of loss mitigation," or "evaded" inquiries about appealing his loan modification inquiries,

or "mishandle[ed]" Plaintiff's loan modification application. Plaintiff fails to properly plead a negligent misrepresentation claim.

PennyMac also urges the economic loss rule bars Plaintiff's claim for negligent misrepresentation, as each harm alleged arises out of the contract. Indeed, "[i]n order to recover for a claim of negligent misrepresentation, a plaintiff must show an injury independent from the subject matter of the contract." *Smith v. CitiMortgage, Inc.*, No. 4:10CV693, 2012 WL 629058, at *6 n.5 (E.D. Tex. Feb. 27, 2012) (citing *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 663-64 (Tex. 1998) (per curiam)), *report and recommendation adopted*, No. 4:10CV693, 2012 WL 1080593 (E.D. Tex. Mar. 30, 2012). To the extent Plaintiff's damages in connection with any claim for negligent misrepresentation are limited to pecuniary harm, these damages are also barred by the economic loss rule.[3] The Court finds PennyMac is entitled to judgment on the pleadings on Plaintiff's negligent misrepresentation claim.

### *Violations of Texas Property Code Chapter 51*

PennyMac next argues there is no private right of action for violations of Chapter 51 of the Texas Property Code, and such claim must instead be asserted under a wrongful foreclosure or breach of contract theory [Dkt. 12 at 9-10]. *See Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 831 n.2 (5th Cir. 2015) ("[F]ederal district courts that have addressed it seem to conclude that Section 51.002(d) does not intend an independent private cause of action."). Plaintiff specifically complains that PennyMac did not provide the requisite notice of default, opportunity to cure such default, and notice of sale as required by Tex. Prop. Code § 51.002(b)(3) and (d) [Dkt. 3 at 4-5].

---

[3] Not all of the injuries Plaintiff alleges in connection with his claim for negligent misrepresentation are necessarily barred by the economic loss rule, for example, loss of time and injury to creditworthiness. *See Smith v. CitiMortgage*, 2012 WL 629058, at *6 n.5 ("Plaintiff's damages appear to include damages other than the economic losses involved, including mental anguish, lost time, and loss of creditworthiness."). However, in connection with these damages, Plaintiff's cause of action should be dismissed for failure to state a claim.

"Neither the Fifth Circuit Court of Appeals nor the Texas Supreme Court has determined whether a party can bring a private cause of action directly under Section 51.002(d)." *Smith v. U.S. Bank*, 2022 WL 345655, at *3 (citing *Rucker*, 806 F.3d at 831 n.2). However, the Fifth Circuit notes that "the federal district courts that have addressed [the issue] seem to conclude that Section 51.002(d) does not intend an independent private cause of action." *Rucker*, 806 F.3d at 831 n.2. This Court has previously held that any independent claim brough under Chapter 51 should be dismissed, consistent with other federal courts. *Kovalchuk*, 528 F. Supp. 3d at 664 & n.12 (collecting cases) ("Plaintiff's independent claim for violation of § 51.002 should dismissed.").[4] To the extent Plaintiff pleads a claim for violation of Chapter 51 of the Texas Property Code, it fails as a matter of law because "there is no independent cause of action for breach of § 51.002." *Mitchell v. PHH Mortg. Corp.*, No. 4:21-CV-1258-P, 2022 WL 6950351, at *4 (N.D. Tex. Oct. 12, 2022). If any claim could arise, it would be one for wrongful foreclosure, which Plaintiff has not affirmatively pleaded here.[5] Even if he had, the Court would still recommend dismissal because "[a] plaintiff cannot bring a 'claim under section 51.002(d) where no foreclosure has taken place.'" *Slott v. Specialized Loan Servicing, LLC*, No. CV H-21-4170, 2022 WL 2392314, at *4 (S.D. Tex. July 1, 2022) (quoting *Ortiz-Tejada v. Select Portfolio Servicing, Inc.*, No. 3:18-CV-00387, 2020 WL 1891690, at *2 (S.D. Tex. Feb. 5, 2020)). Because § 51.002 sets the notice requirements based

---

[4] Plaintiff's counsel previously made this same argument to this Court in *Kovalchuk*, which was likewise found unavailing.

[5] Texas Property Code Chapter 51 provides Plaintiff no private right of action to enforce its provisions as courts presently have interpreted it; therefore, courts construe such claims instead as those for wrongful foreclosure. *See, e.g.*, *Morse v. Ditech Fin., LLC*, No. 4:16-CV-279, 2017 WL 4230550, at *11 (E.D. Tex. Sept. 25, 2017); *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011) ("Breach of the trustee's duty [to comply with the notice provisions of section 51.002] is not itself an independent tort. . . . Instead, 'breach of this duty may be stated under Texas law as a claim for wrongful foreclosure.'"). Plaintiff does not expressly plead a wrongful foreclosure claim, but even if he had, no foreclosure sale has yet taken place, and "Texas does not recognize a claim for attempted wrongful foreclosure." *See Chary v. Cent. Mortg. Co.*, No. 420CV00111ALMCAN, 2021 WL 1097601, at *4 (E.D. Tex. Feb. 25, 2021) (quoting *Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 406 (5th Cir. 2017) ("Plaintiff may not maintain a claim for wrongful foreclosure as the record establishes foreclosure has not yet occurred here.")), *report and recommendation adopted*, No. 4:20-CV-111, 2021 WL 1090744 (E.D. Tex. Mar. 22, 2021).

on the date of sale, "a plaintiff can only bring a cause of action under either provision if [he] alleges that a sale has occurred." *Cruz v. JPMorgan Chase Bank, N.A.*, No. 7:18-CV-1, 2018 WL 689610, at *3 (S.D. Tex. Feb. 1, 2018). Where, as here, Plaintiff successfully pursues a temporary restraining order and no foreclosure sale has occurred, there is no claim for breach of § 51.002's notice requirements. *See Gates v. Pennymac Loan Servs., LLC*, No. SA-22-CV-00356-XR, 2022 WL 1785623, at *5 (W.D. Tex. June 1, 2022) ("To the extent that this reference to the Texas Property Code is intended to support a claim for wrongful foreclosure, that claim likewise fails because no foreclosure sale has occurred. The Petition does not allege that the Property has been sold. Indeed, Plaintiff obtained a TRO in state court temporarily enjoining the foreclosure of the Property."); *Slott*, 2022 WL 2392314, at *4 (dismissing claim under § 51.002 alleging failure to provide requisite notice) ("Slott has not alleged that a foreclosure sale has taken place. The state court enjoined Specialized Loan Servicing from foreclosing before this case was removed."); *Cerrillo*, 2019 WL 13190569, at *2 (dismissing § 51.002 claim on a Rule 12(c) motion) ("Given that the state court temporarily enjoined BankUnited from foreclosing on the property, and no allegation suggests that BankUnited actually foreclosed on Cerillo's property, she has no cause of action under this theory."); *Cruz*, 2018 WL 689610, at *4 ("the state court issued a temporary restraining order preventing Defendants from foreclosing on the Property. Moreover, Plaintiff has provided no evidence that Defendants have subsequently foreclosed on the Property. Accordingly, this cause of action also fails to state a claim upon which relief can be granted."). Therefore, Plaintiff's claim for violation of Tex. Prop Code § 51.002 should dismissed.

### Breach of Contract

PennyMac advances that Plaintiff has inadequately pleaded his breach of contract claim because: (1) Plaintiff fails to allege he performed under the Loan contract; (2) Plaintiff's

allegations of breach fall short of stating a claim; and (3) Plaintiff allegations of harm are factually

insufficient [Dkt. 12 at 10-11].

To succeed on a breach of contract claim under Texas law, Plaintiff must show: "(1) the

existence of a valid contract; (2) performance or tendered performance by [Plaintiff]; (3) breach

of contract by [Defendant]; and (4) damages sustained by [Plaintiff] as a result of the breach."

*Conn Credit I, L.P. v. TF LoanCo III, L.L.C.*, 903 F.3d 493, 500 (5th Cir. 2018) (citing *Smith*

*Intern., Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007)).  The Parties do not dispute that

a valid contract exists.  Thus, the Court considers only whether Plaintiff has pleaded the second,

third, and fourth elements of a breach of contract claim.

### *Plaintiff's Performance*

PennyMac first argues Plaintiff "has not alleged anywhere in the Complaint that he

performed under the Loan contract (e.g. that he timely made all of his mortgage payments)"

[Dkt. 12 at 10].  However, the Fifth Circuit has clarified that "a party's default under a contract

will only excuse the other party's performance of the contract's terms that are dependent upon the

promises that the defaulting party failed to perform."  *Williams v. Wells Fargo Bank, N.A.*, 884

F.3d 239, 244 (5th Cir. 2018) (per curiam).  Here, PennyMac's "agreement in the deed of trust to

give notice of foreclosure was independent of [Plaintiff's] agreement under the note to pay

monthly installments to satisfy the debt."  *See id.* at 245; *Shastry v. U.S. Bank Nat'l Ass'n*, No.

3:16-CV-3335-G-BN, 2018 WL 4627132, at *8 (N.D. Tex. July 27, 2018) ("The Fifth Circuit has

held that, if an obligor's promise to pay his mortgage is independent of obligations that the obligor

alleges a defendant breached, the obligor's breach of contract claim will not be barred for his

failure to perform by defaulting."), *report and recommendation adopted*, No. 3:16-CV-3335-G-

BN, 2018 WL 4090426 (N.D. Tex. Aug. 27, 2018).  Because Plaintiff alleges that PennyMac

violated the Deed of Trust by failing to uphold its post-default obligations (i.e, providing notice and an opportunity to cure), Plaintiff's admitted default does not by itself and/or standing alone preclude his breach of contract claim. *See Shastry v. U.S. Bank Nat'l Ass'n as Tr. to Wachovia Bank Nat'l Ass'n*, No. 3:16-CV-3335-G-BN, 2021 WL 849015, at *8 (N.D. Tex. Feb. 11, 2021) ("A lender's obligations when a borrower defaults – including providing notice – are independent of the borrower's obligation to make monthly payments."), *report and recommendation adopted*, No. 3:16-CV-3335-G-BN, 2021 WL 842132 (N.D. Tex. Mar. 5, 2021); *Daniels v. Regions Bank*, No. 4:19-CV-00416-P, 2019 WL 4735800, at *4 (N.D. Tex. Sept. 27, 2019) ("the alleged default for missed payments does not preclude Plaintiff's breach of contract claim because the agreement to provide notice of a foreclosure sale is independent of the obligation to make payments. And although notices of default and acceleration are different than a notice of foreclosure sale, they are similar because the lender's obligations to provide such notices are independent of the obligation to make payments and would not arise unless the borrower was in default.").

### *PennyMac's Alleged Breaches*

Plaintiff's breach of contract claim asserts PennyMac failed to comply with HUD regulations related to accelerating and foreclosing on a loan subject to the FHA, and further, that it breached paragraphs 10, 15, 16, and 18 of the Deed of Trust [Dkt. 3 at 5]. PennyMac urges these allegations do not support a breach claim.

### <u>Violation of HUD Regulations</u>

As discussed *supra*, no private right of action arises from any alleged breach of the HUD or HAMP regulations. "Thus, in order to bring suit for violations of HUD or HAMP regulations, [Plaintiff] must show that the regulations were incorporated into the deed of trust." *Law*, 587 F. App'x at 794; *Dees v. Nationstar Mortg., LLC*, 496 F. Supp. 3d 1043, 1050 (S.D. Tex. 2020)

(quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 196 (5th Cir. 2016) ("The Fifth Circuit has made clear that 'HUD regulations do not give the borrower a private cause of action unless the regulations are expressly incorporated into the lender-borrower agreement.'").  While Plaintiff baldly asserts that the Deed incorporates the HUD regulations [Dkt. 3 at 3], Plaintiff fails to plead which provision, if any, contains such alleged incorporation. *See Law*, 587 F. App'x at 794 ("The only possible source of this contention is the statement in the deed of trust that its provisions 'shall not limit the applicability of federal law to this Deed of Trust.' This language does not mention the HUD regulations, much less 'expressly' incorporate them, as the complaint states.").  The Deed attached to the complaint is wholly illegible [*See* Dkt. 3 at 17-32].  PennyMac argues that the Deed does not incorporate any HUD regulations [Dkt. 12 at 10-11].  Moreover, Plaintiff has not sought leave of court to amend his original complaint, nor did he respond to the instant Motion to supplement the pleadings with a legible copy of the Deed or otherwise to demonstrate incorporation, and because of his wholesale failure to respond under the Local Rules, the Court must presume Plaintiff does not controvert PennyMac's assertion that any HUD regulations were not incorporated into the Deed.  Plaintiff fails to state a claim for breach based on any purported violation of HUD regulations. *See Dees*, 496 F. Supp. 3d at 1050 ("Because Plaintiffs have not identified any language referencing HUD regulations generally or specifically, much less any mandatory language, the Court holds that the deed here likewise fails to expressly incorporate HUD regulations."); *Del Rio Trejo*, 2020 WL 982004, at *4 (citation omitted).

### Breach of Deed of Trust

Plaintiff contends the Deed and Note "expressly provide[]" that PennyMac must "allow the right to reinstate and provide information to do such action," "provide notice of the Loan Servicer each time the Loan Servicer changed," and "provide notice of default, action to cure

default, a date no less than 30 days by which to cure the default, and what happens when the default is not cured" [Dkt. 3 at 5-6].  PennyMac argues these claims by Plaintiff are not grounded in the Deed itself, and Plaintiff's bare allegation that it violated paragraphs 10, 15, 16, and 18 of the Deed is not enough to sustain a breach of contract claim.  More specifically, PennyMac urges,

> Paragraph 10 concerns the assignment of "Miscellaneous Proceeds" which are nowhere mentioned in the Complaint, paragraph 15 provides that federal law governs, paragraph 16 states the borrower should be given a copy of the Note and Deed of Trust. None of these paragraphs seem relevant to the Complaint at all. Paragraph 18 concerns the borrower's right to reinstate after acceleration and Plaintiff does list this as one thing "[t]he Defendants have failed to perform."

[Dkt. 12 at 11].  PennyMac continues, "[t]hese allegations, though, do not suffice to show plausible entitlement to breach of contract damages. They are simple, bare allegations, with zero factual support" [Dkt. 12 at 11].  Upon review, paragraphs 10, 15, and 16 as identified by Plaintiff do not support the specific claims for breach of the Deed alleged in the complaint.   And while paragraph 18 of the Deed addresses Plaintiff's right to reinstate after acceleration, the complaint is devoid of factual allegations that PennyMac breached this paragraph.  Plaintiff does not allege that he made any payments to cure his default or that PennyMac otherwise breached his right to reinstate.  *See Slott*, 2022 WL 2392314, at *5 ("Slott alleges that Specialized Loan Servicing did not provide him with information on how to reinstate the loan. But the Deed of Trust—which Slott claims Specialized Loan Servicing breached—states precisely how Slott could reinstate the loan. Slott alleges that he was denied the 'right to reinstate,' but he does not explain how or why Specialized Loan Servicing denied him this right. Slott has not alleged, for example, that he attempted to pay off the defaulted loan. There is no plausible basis for the court to conclude that Specialized Loan Servicing breached Slott's right to reinstate.").   Plaintiff only pleads that PennyMac "must allow the right to reinstate and provide information to do such action," but the complaint lacks any allegation that PennyMac denied him the right to reinstate or that he suffered

damages from any alleged lack of information to do so.  *See Bejjani v. Wilmington Tr. Co.*, No. CIV.A. H-10-2727, 2011 WL 3667569, at *3 (S.D. Tex. Aug. 22, 2011) (footnote omitted) ("While the defendants accommodated the plaintiff's request for a reinstatement quote, they were under no contractual obligation to do so. Under the deed, the defendants are required to notify the plaintiff of his right to reinstate, but they are not required to calculate the reinstatement figure for him, much less send him that calculation").

### Damages

Plaintiff pleads "he has incurred additional charges to his loan balance and escrow account" as the sole damages for his breach of contract claim [Dkt. 3 at 6].  PennyMac argues this is insufficient, as the complaint lacks "factual explanation as to what the charges at issue are" and that, "[i]n light of the admitted debt owed, there actually cannot be any injuries over and above the Loan amount" [Dkt. 12 at 11].  No foreclosure has taken place to date, and Plaintiff still occupies the Property [Dkt. 12 at 3].  Where there has been no foreclosure sale, Plaintiff fails to plead any damages resulting from any of the purported defects in pre-foreclosure noticing alleged.  *See Burke v. JPMC Specialty Mortg., LLC*, No. 4:19-CV-00492-SDJ-CAN, 2020 WL 4644063, at *11 (E.D. Tex. Apr. 24, 2020) (citing *Adams v. U.S. Bank, N.A.*, No. 3:17-CV-723-B-BN, 2018 WL 2164520, at *6 (N.D. Tex. Apr. 18, 2018)) ("This is not enough to demonstrate damages; there has been no foreclosure sale, thus Plaintiffs cannot prove damages as the result of any purported defective pre-foreclosure sale notice."), *report and recommendation adopted*, No. 4:19-CV-492, 2020 WL 3118510 (E.D. Tex. June 12, 2020); *Bejjani*, 2011 WL 3667569, at *5 n.7 (finding no damages arising from any failure to provide a right to reinstate) ("The defendants did not cause him to default on his debt obligation, and they did not prevent him from tendering sufficient funds to reinstate his loan. If he had sufficient funds to reinstate the loan in June or July of 2010,

regardless of whether the defendants had given him a reinstatement quote, he could have done so."); *Hollenshead v. Bank of Am., N.A.*, No. 4:18-CV-00724-ALM-CAN, 2020 WL 4615096, at *18 (E.D. Tex. May 19, 2020) ("Plaintiff's request for attorney's fees is barred because Plaintiff has not pleaded any viable causes of action or provided any other authority that would allow for recovery of attorney's fees.") (citing *Billiter v. Cent. Mortg. Co*., No. CIV.A. H-14-663, 2015 WL 867443, at *7 (S.D. Tex. Feb. 17, 2015)), *report and recommendation adopted*, No. 4:18-CV-724, 2020 WL 3496335 (E.D. Tex. June 29, 2020).

### Injunctive Relief

PennyMac finally argues that because Plaintiff fails to state any valid claim for which relief can be granted, his request for injunctive relief must be denied [Dkt. 12 at 11-12]. "Both Texas and federal law require the existence of a justiciable case or controversy in order to grant declaratory relief." *Val-Com Acquisitions Tr. v. CitiMortgage, Inc.*, 421 F. App'x 398, 400 (5th Cir. 2011) (per curiam). Because no substantive claim for relief remains, Plaintiff's request for injunctive relief should also be dismissed. *See Wallace*, 2018 WL 1224508, at *2 (citing *Walls v. JPMorgan Chase Bank, N.A.*, No. 4:13-CV-402, 2013 WL 5782999, at *4 (E.D. Tex. Oct. 25, 2013)) ("Where all the substantive, underlying claims are subject to dismissal, a claim for declaratory relief cannot survive."); *Marshall*, 2022 WL 14954831, at *7 ("Plaintiff's request for an injunctive relief beyond the temporary restraining order she was granted in state court should be dismissed.").[6]

---

[6] While leave to amend should be freely given, Plaintiff was provided an opportunity to amend upon removal [Dkt. 5]; Plaintiff elected not to file an amended complaint in response to the Court's Order and Advisory or in response to Defendant's Motion. Moreover, at this juncture, the deadline for filing amended pleadings under the scheduling order has passed [Dkt. 10].

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendant PennyMac Loan Services, LLC's Motion for Judgment on the Pleadings [Dkt. 12] be **GRANTED** and Plaintiff's claims be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 16th day of November, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE